### WYNKOOP v. MYERS.

(*City Court of New York, Special Term.* September 23, 1889.)

1. CONTEMPT—VIOLATION OF INJUNCTION.

On an examination of a judgment debtor in supplementary proceedings, it appeared that, as next of kin, he had obtained letters of administration on his son's estate, and had, under Code Civil Proc. N. Y. § 1902, instituted proceedings against a railroad company for the killing of his son. An order was made enjoining the judgment debtor from transferring his property, which order was to continue "until further order in the premises." *Held*, that the judgment debtor was guilty of a contempt in afterwards assigning "all his interest of, in, and to the estate of his deceased son," as the necessary effect of the transfer was to impair and prejudice the remedies of the creditor.

2. SAME—AMOUNT OF FINE.

Where there has been no settlement of the son's estate in the surrogate's court, and the amount which the judgment debtor would receive therefrom is uncertain, but a substantial injury has been done the creditor by the assignment, the court will, in the absence of a certain measure of damages, adopt the course allowed by Code Civil Proc. N. Y. § 2284, and impose a fine of $250, and costs.

On proceedings for contempt.

Action by Gerardus Wynkoop against Henry Myers. On July 9, 1885, an order was made in supplementary proceedings requiring the defendant (the judgment debtor) to appear before a referee, and submit to an examination concerning his property. He attended, and upon the examination it appeared that his son had met his death on the Long Island Railroad, and that under the statute (Code, § 1902) the defendant, as the next of kin, had, in 1884, obtained letters of administration (with limited power) from the surrogate, and had, as such administrator, commenced an action against the railroad company to recover $5,000 damages in consequence of the son's death. The letters so obtained were granted to enable the defendant to commence the action just referred to. Judgment was finally recovered therein against the railroad company, and the defendant about April 1, 1889, obtained full letters of administration upon giving a bond with two sureties in the penal sum of $7,000. Upon receiving full letters, the defendant, as administrator, compromised the judgment against the railroad company for $3,600, and, after paying the fees and expenses of the litigation, he received and now has to the credit of the estate about $2,000. On October 13, 1887, the defendant transferred to one Hirshfield "all his interest of, in, and to the estate of his deceased son;" and the making of this transfer is the foundation of the present proceeding to punish the defendant for violation of the injunction contained in the supplemental order.

Code Civil Proc. N. Y. § 2284, provides that, in punishment for contempt, where the actual loss or injury is not shown, "a fine must be imposed not exceeding the amount of complainant's costs and expenses, and $250 in addition thereto."

*Johnes & Wilcox,* for plaintiff.    *Louis Levy,* for defendant.

McADAM, C. J.    The defendant, at the time the order was served upon him, had a contingent interest in the action against the railroad company; and the injunction order, which was to continue "until further order in the premises," was sufficiently broad to enjoin any transfer of such interest.    The proceeding was concluded, but not in consequence abandoned, discontinued, or dismissed.    Code, § 2454.    The new proceeding attempted to be commenced was therefore properly set aside by the special term judge.    The transfer to Hirshfield effectually passed to him whatever interest, actual, contingent, or expectant, which the defendant had or might become entitled to in or from his son's estate.    See cases collated in 2 Bliss, Code, Pl. p. 250, subd. *b,* tit. "Expectant Estates;"  Story, Eq. Jur. § 1040 *et seq.*  It was executed while the injunction was in force, and before the attempt to commence the new proceeding was made.    It had not been superseded at the time, as was the case in *People* v. *Randall,* 73 N. Y. 416, which is in consequence inapplicable. The effect of the transfer was to impede, impair, and prejudice the remedies of the creditor.    It could not operate otherwise.    It prevents the defendant and his judgment creditor from realizing anything from the son's estate, and makes the assignee the sole beneficiary thereof.    The making of the transfer, as a necessary consequence, constitutes a violation of the injunction, and its result a contempt of court.    The amount of the fine to be imposed must next be determined.    The damages collected by the defendant, although declared by statute to be exclusively for his benefit as the next of kin, are not exempted from his creditors.    His right thereto is subject, however, to the payment of "all debts" of the deceased and the expenses of administration.    Code, § 1903. Although, conditionally, the property of the defendant, it does not become absolutely his until the surrogate has ascertained what the debts of the decedent and the expenses of administration are, and until he, by the decree to be made on the final accounting, determines how much the defendant is to retain as his own property.    The decree cannot be obtained until some time next year, and the questions to be determined by the surrogate must remain undisposed of until then.    They cannot be determined here.    At common law no recovery could be had by anyone for injuries resulting in death, and the statute gives the only remedy in respect thereto the next of kin have.    This right could be enforced by the defendant, as the next of kin, only after procuring letters of administration, and then in his representative, not in his individual, character.    The fund collected must be held by him in his representative capacity until he has accounted, and the surrogate, after passing on the amount of the debts and expenses of administration, has specifically decreed that the balance is his.    His representative character then ceases, and the right to the money decreed to be his becomes for the first time judicially established.    The right of his assignee becomes fixed, and effect may then be given to the assignment by directing the moneys coming to the assignor to be paid to his assignee.    The rule in regard to subsequently acquired property does not apply, because the right to the fund accrued in 1884, when the letters of administration were first issued.    The compromise of the judgment against the railroad company was merely the formal discharge of a prior obligation existing at the time the injunction was served.    This court cannot decide, in advance of the surrogate's decree, what the debts presented or expenses incurred will amount to, nor what sum will be finally awarded to the defendant, and paid to his assignee.    It will probably exceed the plaintiff's judgment, which is for $621.57, and it may possibly be less, so that the amount of the judgment does not necessarily furnish the correct measure of damages to be applied in disposing of this motion.    See *Gallagher* v. *O'Neil,* 3 N. Y. Supp. 126.    They cannot be definitely fixed or accurately assessed at the present time.    The probability that the sum which will eventually go to the defendant or his as-

signee will exceed the amount of the plaintiff's judgment does not warrant the imposition of a fine based on mere conjecture. This is a sort of *quasi* criminal proceeding, on which the defendant may be deprived of his liberty, and he is entitled to the benefit of every reasonable doubt. It was in view of these facts that the court suggested that the plaintiff had better wait until the matter in the surrogate's court was determined before pressing his motion. He declined to delay the proceeding, and the motion must be determined upon the present state of facts. A substantial injury has been done to the plaintiff, and, there being no certain measure of the damage, the court will adopt the course allowed by section 2284 of the Code, and impose upon the defendant a fine of $250, with $30 costs of the supplementary proceedings and $10 costs of motion. Unless the fine is paid within 10 days, it may be enforced by warrant of commitment, according to law.