WALTER *et al. v.* PECARE.

(*Supreme Court, General Term, First Department.* June 6, 1890.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—SECOND ORDER.
    An order for the examination of the debtor in supplementary proceedings is not superseded by a second order obtained for that purpose as to property obtained subsequent to the first order.

2. SAME—DISOBEDIENCE TO ORDER.
    An order for the examination of the debtor in supplementary proceedings was served in June or July, 1887. In his examination, the debtor testified that he became entitled to $713, insurance on the life of his brother who died in May, 1887; that he received a check therefor in September, 1887, and used the money in payment of other debts. In proceedings to punish him for contempt, he made an affidavit stating that he assigned the insurance money about July 1, 1887, to one M. to pay a previous loan and attorney's fees in the proceedings, and only received $20 himself. M. was not produced as a witness. *Held,* that the affidavit was unreliable, and that an order punishing his contempt by a fine of $713, to be applied on the judgment, and $10 costs, and committing him to the county jail until he pay said sum, or be discharged according to law, was proper.

Appeal from special term, New York county.

Action by Louis Walter and another against Albert K. Pecare. An order was entered adjudging defendant guilty of contempt in violating an order in supplementary proceedings, and imposing a fine of $713, and directing his commitment until he should pay the fine, or be otherwise discharged according to law. Defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

C. H. Dyett, for appellant. T. Henry Dewey, for respondent.

DANIELS, J. The proceedings to punish the defendant for violating an order in supplementary proceedings were commenced on or about the 14th of November, 1889, and on the 7th of that month another order was obtained, requiring him to appear to be examined concerning his property, and the application to punish him for violating the first order, which was made on the 18th of June, 1887, was opposed upon the ground that it had been superseded by this second order, or that the proceedings themselves had been terminated. But the second order cannot legally be attended with that effect; for it was not obtained as the second order was in *Gaylord* v. *Jones,* 7 Hun, 480, for the same object as the first, and its evident purpose was to examine the defendant as to property which he might have at the time when the last order was made, and concerning which he could not regularly be examined under the first order. It may be that the second order was irregular, but no such infirmity attached to the first, for it was obtained after the issuing and return

of an execution against the property of the defendant, exactly as the law allowed that to be done; and that proceeding had been in no manner discontinued or abandoned. For that object section 2454 of the Code of Civil Procedure has required an order to be made, and no order of that description has ever been made in the first proceeding, and it accordingly remained pending against the defendant; and without the authority of this section, where the proceeding has not in fact been discontinued, it was considered in *Wright* v. *Nostrand,* 94 N. Y. 31, that it would remain pending. In addition to that it appears by affidavit that the proceeding was continued by regular adjournments, from time to time, to September, 1889.

The first order was served upon the defendant soon after it was made, and, pursuant to its direction, the defendant appeared, and was examined before a referee concerning his property, and, in his examination, he testified that he became entitled to the sum of $713 upon an insurance upon the life of his brother, who died on the 3d of May, 1887. He received a check for that insurance in September of the same year, and used the money obtained upon the check in the payment of other debts than that owing to the plaintiff. In his examination no other use of the money obtained from the insurance was in any manner intimated; but by his affidavit, made in answer to the application to punish him for a contempt in using the insurance money in this manner, he stated that he had assigned the amount on or about the 1st of July, 1887, to Morris Mayer, an attorney at law, who was his friend, and that this assignment was made to pay Mayer $500, previously borrowed from him, and $175 to pay Charles H. Dyett, his attorney in this proceeding, and that the amount actually received by himself would not exceed the sum of about $20. But this statement in the affidavit is directly in conflict with the answers given by him before the referee, and rendered the affidavit unreliable, as it was obviously made to shield and protect himself against the consequences of what he had previously testified he had done with the insurance money. The effect of the affidavit is still further reduced by the omission to examine either Mayer or Dyett concerning the truth of these statements. They were each accessible to the defendant, and if the check had been assigned to Mayer, as the defendant asserted it to have been in this affidavit, he could have proved that fact by Mayer, and his neglect to do so, or to prove that Dyett received the residue of the moneys amounting to the sum of $175, are circumstances tending to throw discredit upon the statements of the defendant as to these facts in his affidavit. By his examination before the referee, it was proved that this insurance money was owing to him at the time when the order in the supplementary proceedings was made and served upon him, and this order forbade him to make any transfer or other disposition of his property, not exempt by law from execution, or in any manner to interfere therewith, until a further order in the premises. This part of the order was violated by him in transferring the check to Mayer, and, for that violation, he became liable to be punished by the court, under section 2457 of the Code of Civil Procedure. The fine imposed upon him, and the punishment to which he has been subjected, is no greater than that authorized by this and other sections of the Code. It was warranted and supported by the evidence which had been obtained from the defendant himself, and the order should be affirmed, with $10 costs and the disbursements. If the appellant can be relieved in any form, it must be by an application for a rehearing, and proving by Mayer the assignment of the insurance to him before the service of the order, which, if true, would mitigate the punishment for violating the order.

All concur.