### DETERMINED IN THE

# SECOND DEPARTMENT

### AT

# GENERAL TERM,

## December, 1893.

---

JOHN M. CANDA and Another, Appellants, *v.* ERVIN G. GOLLNER and
Another, Respondents.

*An injunction contained in an order in supplementary proceedings prohibits a*
*general assignment by the judgment debtor.*

An injunction forbidding judgment debtors from transferring or otherwise dis-
posing of their property, contained in an order made in supplementary proceed-
ings, prohibits them from executing and delivering an assignment of their prop-
erty, without preference, under the General Insolvent Assignment Law.

APPEAL by the plaintiffs, John M. Canda and another, from an
order of the Supreme Court, made at the Kings County Special
Term and entered in the office of the clerk of the county of Kings
on the 9th day of February, 1893, denying a motion to punish the
defendant Ervin G. Gollner for a contempt in violating a restrain-
ing order made in proceedings supplementary to execution.

*J. Woolsey Shepard,* for the appellants.

*Alfred R. Page,* for the respondents.

BARNARD, P. J. :

The plaintiffs recovered a judgment against Ervin G. Gollner and
Ada F. M. Gollner in September, 1892, for $329.38. In October,
1892, an order supplementary to execution was obtained for the
examination of the defendants in respect to their property. This
order contained the usual words by which all transfers or other dis-

positions of the property of defendants, except exempt property, was forbidden. After the order was served the defendants severally executed and delivered an assignment of all their property, without preference, under the General Insolvent Assignment Law. The plaintiffs made an application to punish the defendants for a contempt, based upon a disobedience of the order in supplementary proceedings. This was denied, and this appeal presents the question whether a general assignment was a violation of the injunction contained in the order in supplementary proceedings. It cannot be claimed but that the defendant violated the express words of the order forbidding the transfer. This violation was made by his voluntary act. The plaintiffs were injured by this act; they had taken steps by which they could have had the first lien on the estate, real and personal, of the judgment debtors. (Code, § 2469 ; *McCorkle v. Herrman*, 117 N. Y. 297.)

The old Chancery practice is abrogated. If it were not, the rule would not protect the party making an assignment, except such as was necessary to obtain a discharge under the insolvent laws of the State. A voluntary assignment has no such effect. An assignment to obtain a discharge from the debts of a petitioner, under our insolvent laws, is made by the order of the court, and the rule of the Court of Chancery was aimed at the impropriety of punishing a person for an act done under legal sanction, even when the proceeding was instituted by the debtor's own petition.

The rule reserves the right to even enjoin such an assignment, specially, in an injunction. The Code, however, must govern without regard to the Chancery rule.

The order should, therefore, be reversed, with costs and disbursements, and the defendant be adjudged guilty of a contempt of court, with ten dollars costs.

DYKMAN, J., concurred ; PRATT, J., not sitting.

Order reversed, with costs and disbursements, and defendant adjudged guilty of contempt, with ten dollars costs on each appeal.