(15 Misc. Rep. 640.)

## NATIONAL WALL-PAPER CO. v. GERLACH.

(City Court of New York, General Term.    February 8, 1896.)

1. SUPPLEMENTARY PROCEEDINGS—GENERAL ASSIGNMENT—CONTEMPT.

    Defendant's general assignment after the service on him of an order in supplementary proceedings, containing an injunction forbidding him from transferring or otherwise disposing of his property, constitutes contempt of court.

2. RECEIVER—NECESSITY FOR FILING BOND.

    As the statute provides that a receiver in supplementary proceedings shall file his bond with the clerk of the city and county of New York, and that such receiver, on filing such bond, shall be invested with all the rights and powers as receiver, a receiver's appointment is not complete until his bond is filed.

Appeal from special term.

Action by the National Wall-Paper Company against Charles A. Gerlach.    From an order refusing to find defendant guilty of contempt for disposing of his property after he was enjoined in supplementary proceedings from doing so, plaintiffs appeal.    Reversed.

Argued before VAN WYCK, McCARTHY, and SCHUCHMAN, JJ.

Gayley, Baucus & Fleming, for appellants.

George W. Carr, for respondent.

McCARTHY, J.    An examination of the testimony taken in these supplementary proceedings bears but one construction, and leads but to one conclusion,—that in transferring and paying out the moneys testified to, and in executing and delivering the general assignment of his property, by the defendant, after the service of an order in supplementary proceedings containing an injunction forbidding him from transferring or otherwise disposing of his property, he was and is guilty of contempt of court.    It was his voluntary act, and the plaintiffs were injured by the same, since they had taken steps by which they would have procured a lien on the estate, real and personal, of the judgment debtor.    It matters not how slight that lien might have been, the judgment debtor could not assume the power to judge and determine the issue, and thus violate a positive order of the court, because, in his judgment, there was not enough to meet the creditors' claim.    He could not be the judge of this, but must leave it to be determined by the regular and orderly proceedings.    The case of Canda v. Gollner, 73 Hun, 494, 26 N. Y. Supp. 449, we think, is directly in point.    See McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948; Stevens v. Ogden, 130 N. Y. 185, 186, 29 N. E. 229.

It is claimed, however, that there was no contempt, because in a similar proceeding, on March 29, 1894, in which Ellen M. B. Connolly was plaintiff, and this defendant was the defendant, a receiver was appointed; but it is declared, and not contradicted, that no bond had been filed in the office of the clerk of the city and county of New York, as required by statute, and which requires that, before he (the receiver) enters upon the execution of the trust, he shall

execute to the people of the state of New York a bond with sufficient sureties, to be approved by a justice of this court, and file said bond with the clerk of the city and county of New York, and that such receiver, upon filing such bond, be invested with all the rights and powers as receiver, according to law, and the receiver's appointment is not therefore complete until his bond is filed. The receiver's title to the real estate is, at most, a qualified title in the nature of a security for the plaintiff in the judgment, and did not exhaust the title of the judgment debtor. Subject to the rights of the receiver to resort to the land to pay the judgment, the title remains in the judgment debtor. Moore v. Duffy, 74 Hun, 78, 80, 26 N. Y. Supp. 340.

The defendant was therefore guilty of contempt, and the order appealed from is reversed, with costs, and the proceeding remitted to the special term, to fix amount of a fine sufficient to indemnify the plaintiffs for their loss and damage. The special term justice may allow, as an item of expense, a reasonable fee to the plaintiffs' attorney in these proceedings. People v. Rochester S. L. R. Co., 76 N. Y. 294, 301. All concur.

---

(15 Misc. Rep. 654.)

## In re RUPPANER'S WILL.

(Surrogate's Court, New York County. December 19, 1895.)

1. WILLS—REVOCATION OF PROBATE—ACTION IN SUPREME COURT.
   Code Civ. Proc. § 2653a, providing that "any person interested in a will" admitted to probate may cause the validity of the probate to be determined in an action in the supreme court, did not repeal section 2648, requiring a petition for revocation of probate by a person interested in the estate to be filed in the surrogate's court within one year after the recording of the decree admitting the will to probate. Long v. Rodgers, 29 N. Y. Supp. 981, 79 Hun. 443, followed.

2. SAME—EFFECT OF DECISION—PROCEEDING IN SURROGATE'S COURT.
   Under Code Civ. Proc. § 2653a, providing that the verdict in an action to determine the validity of a will shall be conclusive as to real and personal property, a party to such action, in which the will is upheld, cannot thereafter institute proceedings in the surrogate's court under section 2647, to revoke the probate.

3. SAME—OMISSION OF NECESSARY PARTIES.
   The omission to join a necessary party does not oust the court of jurisdiction, but merely renders the judgment inoperative as to the omitted party. Keyes v. Ellensohn, 30 N. Y. Supp. 1035, 82 Hun, 13, followed.

4. SAME—WHO MAY MAINTAIN PROCEEDING.
   Under Code Civ. Proc. § 2647, permitting a person interested in the estate to institute proceedings in the surrogate's court to revoke the probate of a will, such proceeding must be brought by the husband or wife, heirs at law or next of kin, who would share in the estate in case of intestacy, and not by one to whom a contingent interest was devised.

