(13 App. Div. 312.)

STEVENS v. DEWEY.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

SUPPLEMENTARY PROCEEDINGS—DISOBEDIENCE OF RESTRAINING ORDER—DISPOSING OF RENTS.

    A defendant is guilty of contempt, in a supplementary proceeding, where he collects rent from a tenant under an existing lease, and disposes of it, after a restraining order is served, forbidding him from making any transfer of his property, since the rent was not after-acquired property, but an incident growing out of the lease owned by him at the time the order was made.

Appeal from special term, New York county.

Proceeding by John Crawford Stevens against Sturges Dewey for contempt. From an order committing defendant for contempt, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

John Benner, Jr., for appellant.
Herbert Reeves, for respondent.

RUMSEY, J. On the 13th of June, 1896, one of the justices of this court granted an order in supplementary proceedings for the examination of the defendant as a judgment debtor. The order contained the usual injunction forbidding the judgment debtor from making any transfer or disposition of his property, or in any manner interfering therewith, until the further order of the court. It was duly served, and the examination was had. At the time of the service of the order the defendant was the owner of a lease for certain premises which he had rented to tenants. The rent which became due upon that lease after the order was served, and while the examination was progressing, was collected by the defendant, and paid upon other debts than that of the plaintiff in this action. Upon proof being made of that fact, an order was granted at special term directing the defendant to show cause why he should not be punished for his misconduct in disposing of this money, and upon the hearing of that order it was adjudged that the defendant was guilty of contempt in disobeying the order in supplementary proceedings, for the reason that he had collected $195 of rent on the lease after the 17th of June, 1896, and disposed of it without permission of the court; and he was fined for such misconduct in the sum of $166.87, with interest from April 13, 1896, which was the amount of the plaintiff's judgment upon which the order in supplementary proceedings was issued, besides $10 costs of the motion. From that order the defendant has taken this appeal.

We think the appeal cannot be sustained. The lease was property belonging to the defendant at the time when the order was served upon him. By virtue of the lease he was the owner of the right to receive the rents as they should accrue, and that right was the only valuable thing connected with the lease. It not only had a present value, but it was a thing which the court might have directed to be turned over to a receiver, and the proceeds applied to the payment of the judgment. Hence the conduct of the defendant in collecting those rents as they became due was directly calculated to impair the right of the plaintiff, and to deprive him of property which he was entitled to have devoted to the payment of his judgment. It is claimed that the rents were after-acquired property, and therefore not subject to the order of the court in supplementary proceedings. But in this the defendant is mistaken. The property is the lease, and the right to the money which should grow due upon it as rent from time to time. That was owned by the defendant at the time the order was served by him. It was precisely like a bond and mortgage, or any other chose in action which has an immediate value, although what is to be paid upon it is not yet due. The collection of the money which is to be paid necessarily depreciates the value of the right. The defendant claims that it is like the future earnings of a judgment debtor, but there is no analogy between the two things. The right to be paid for labor to be performed is a thing which does not exist until the labor has been performed, and the statute expressly exempts earnings already due from the lien acquired by the service of the order in supplementary proceedings. The case cannot

be distinguished from that of Mulford v. Gibbs, 9 App. **Div.** 490, 41
N. Y. Supp. 273, in which a judgment debtor, after the order had been
served upon him, collected debts due for property which he had sold
before. That was held to be a violation of the order, and he was pun-
ished for contempt. Precisely the same principle applies here.

The order must be affirmed, with $10 costs and disbursements.
All concur.