### LERTORA v. REIMANN.

(City Court of New York, Special Term. February 3, 1898.)

1. SUPPLEMENTAL PROCEEDINGS—AFTER-ACQUIRED PROPERTY—RENTS.

Under an injunction in supplementary proceedings forbidding a judgment debtor to dispose of any of his property, rent subsequently accruing and collected under an existing lease is not after-acquired property; and this whether the lease was for a term, or from month to month.

2. SAME—CREDIT ON FINE FOR CONTEMPT.

Where a judgment debtor violates an order restraining him from disposing of his property by collecting and using rents subsequently accruing on an existing lease, he will not be credited with that part of the rent due to another because of power supplied the tenants in part consideration of the rent, where it is impossible to distinguish between what was rent for the premises, and what payment for the power supplied.

Proceeding by one Lertora against one Reimann for contempt in violating an order restraining the latter from disposing of his property. Guilty.

Man & Man, for the motion.

Whitfield Terriberry, opposed.

OLCOTT, J. It seems clear that the judgment debtor overlooked the fact that a lease is property as well as an obligation. In defiance of the terms of the injunction, he has now impaired the value of that property by taking and using subrentals thereof. It makes no difference that such subrentals accrued subsequent to the commencement of this proceeding, because the property was acquired prior thereto. Stevens v. Dewey, 13 App. Div. 312, 43 N. Y. Supp. 130. The theory of that decision applies with the same clearness whether the subletting be for a term, or from month to month. But the judgment debtor contends that part of the rent from his subtenants was due to his wife (the alleged assignee of his business), because of power supplied to the tenants in part consideration for the rent reserved; but, if we allow her for that, what shall be allowed to the judgment debtor for rent of the space in his building which housed the boilers and machinery that supplied the power? I am not sure that this last consideration does not even apply so as to entitle the judgment creditor to claim as part of the property impounded by his supplementary proceedings some part, at least, of the payments for power from the four or five parties occupying portions of 175 Prince street,—some $33 in amount, as admitted by the debtor,—but I have decided not to allow this claim. Certainly, however, I shall not deduct from the fine to be imposed anything to reimburse Mrs. Reimann for the supply of power to Mr. Reimann's subtenants, as that is fairly her loss, which must be considered as a consequence of the confusion to which both were parties.

I find that the judgment debtor has committed the offense charged, and that it actually did prejudice the rights of the judgment creditor to the amount of at least the sum of $102.59, which amount, together with the sum of $30, costs of this proceeding, I impose as the fine for the contempt. If the said aggregate amount of $132.59 be not paid within six days after the entry and service of the order hereupon, a commitment will then issue, and the judgment debtor will stand committed until said fine is paid. Upon payment of said fine the said amount of $102.59 will be deducted from the amount due upon the judgment herein. Let the order be settled upon notice, or after approval of its form.