(29 Misc. Rep. 607.)

### BROWNING v. CHADWICK.

(City Court of New York, General Term. November 16, 1899.)

SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

    Where a judgment debtor, who had been enjoined in supplementary proceedings from disposing of her property, directed her subtenant to pay rent to the debtor's landlord, she was guilty of contempt, since such rent was a debt due and owing to her.

Appeal from special term.

Proceeding by William H. Browning against Helen E. Chadwick for contempt. From an order adjudging defendant guilty, she appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY, CONLAN, SCHUCHMAN, O'DWYER, and HASCALL, JJ.

Howe & Hummel, for appellant.

Clarence E. Thornall, for respondent.

CONLAN, J. This is an appeal from an order made at the special term in proceedings supplementary to an execution, adjudging the defendant guilty of contempt, and fining her the sum of $150. The alleged contempt consisted in the fact that the defendant, a judgment debtor, had a lease of premises No. 38 East Forty-Ninth street, New York City, from a Mrs. Goin, for the term of five years from September, 1898, and which the defendant in turn sublet to one Phebe E. Ferris on the 5th day of January, 1899, for the remainder of the defendant's term, and for the same rent as reserved in the lease to the defendant. On the 22d day of June, 1899, the defendant was served with an order under sections 2436 and 2458 of the Code of Civil Procedure, containing an injunction which forbid her to transfer or make any other disposition of the property belonging to her, not exempt by law from execution, or in any manner to interfere therewith, until further order in the premises. After this order the defendant was examined, and this examination disclosed the fact that a sum of $150, due for the rent in July, had been paid by the defendant's lessee to the defendant's landlord, at the defendant's request, and the receipt given therefor to the subtenant was a receipt of the money from the defendant. At the time of this payment on the 3d day of July the injunction order was still in force. This payment is the alleged contempt complained of. In Stevens v. Dewey, 13 App. Div. 312, 43 N. Y. Supp. 130, the court said:

"Where a judgment debtor, who holds, as lessee, a lease of real property, while under injunction in supplementary proceedings collects rent therefor becoming due from his subtenants after the service of the injunction order upon him, and applies the same upon debts other than that of the judgment creditor who initiated the proceedings, he is guilty of contempt of court."

The defendant could not save herself from the force and effect of this decision—which is controlling upon us—by directing the tenant to pay directly to the original landlord. It was a debt due and owing to the defendant, and the fact that the original landlord herself so considered it is best evidenced by the receipt which she gave, describing the money as having been received from the defendant. The case of Lertora v. Reimann (City Ct. N. Y.) 53 N. Y. Supp. 921, is to the same effect; and while we may express our sympathy with the defendant, and are of the opinion that in what she did in the premises she took no profit to herself, and doubtless believed in her own mind that the payment direct to the original landlord was only placing the money where it ought, perhaps, of right, under all other than the then existing circumstances, to go, yet we cannot permit our sympathy to interfere with the ordinary course of justice, which would seem to require that the order be affirmed.

We are, however, unwilling to add to the penalty, and therefore do not award further costs. All concur.