ACE MAIL ADVERTISING, INC., Judgment Creditor, v. HARRY NEWGOLD, Judgment Debtor.*

Supreme Court, New York County, December 22, 1933.

---

* Affd., 241 App. Div. 674. See, also, *Matter of Foster* v. *Hastings* (263 N. Y. 311); *Advance Piece Dye Works, Inc.,* v. *Zeller* (150 Misc. 908).

*William Bernstein,* for the judgment creditor.

*Strasbourger & Schallek,* for the judgment debtor.

Collins, J.   A judgment creditor moves to punish the judgment debtor for contempt for (1) violating orders prohibiting transfer of assets, etc., and, (2) for false swearing in supplementary proceedings.

(1) The injunctive orders are dated November 25, 1930, and November 2, 1933, respectively.   They forbade the judgment debtor to " transfer or make any other disposition of the property belonging to said judgment debtor not exempt by law from execution or in any manner to interfere therewith *until further order in the premises."*   (Writer's italics.)

Admittedly, at the time of the service upon him of the two orders, the judgment debtor owned two claims, regarding which actions were pending.   One of them was settled on November 3, 1933, for $3,000, out of which he was paid $2,000 on November 4, 1933.   The second claim was settled on November 21, 1933, for $25,000, out of which the judgment debtor was paid $18,921.72 on or about November 22, 1933.   The judgment debtor claims to have disposed of these proceeds.

Admittedly, too, the orders were never vacated, nor were the supplementary proceedings in which they were issued discontinued or dismissed.

The contention of the judgment debtor that the first order was abandoned and made nugatory by the closing of the examination, completely ignores section 802 of the Civil Practice Act, which specifically prescribes how supplementary proceedings may be discontinued or dismissed.   An order may be made " where the judgment creditor unreasonably neglects or delays to proceed, * * * his proceedings may be dismissed, upon like terms, by a like order made upon the application of the judgment debtor, or of the plaintiff in a judgment creditor's action against the debtor, or of a judgment creditor who has instituted either of the special proceedings authorized by this article."   (*Walter* v. *Pecare,* 11

N. Y. Supp. 146.) Concededly, there has been no such disposition as this section stipulates.

When the judgment debtor was examined he denied that any one owed him money. No mention was made of these two claims. Accordingly, the judgment creditor took no proceedings regarding them; he was totally ignorant concerning their existence. Had the judgment debtor frankly stated that the two actions, wherein he was plaintiff, were pending, a receiver could have been appointed and the judgment creditor might have realized on his judgment. (Civ. Prac. Act, § 809; Rules Civ. Prac. rule 175; *McCorkle* v. *Herrman*, 117 N. Y. 297; *Armstrong* v. *McLeon*, 153 id. 490, 497; *Boynton* v. *Seibert*, 33 Misc. 310.)

The payment by the judgment debtor to Catherine Geiger of the large sum of $16,021.68 the day before he was served with the second restraining order is most suspicious. In any event, the first order was outstanding when the payment is claimed to have been made; and both orders were outstanding when the judgment debtor divested himself of the remaining proceeds of the two settlements. (*Stevens* v. *Dewey*, 13 App. Div. 312; *Lertora* v. *Reimann*, 53 N. Y. Supp. 921; *Browning* v. *Chadwick*, 29 Misc. 607.)

These orders in supplementary proceedings are not perfunctory; they are solemn directions of the court; they mean what they say. They cannot be ignored or treated casually. They must be obeyed. Willful disobedience will not be condoned or winked at or accepted as a matter of course. The notion is too prevalent that these orders may, with impunity, be consigned to the waste basket.

On this branch of the case I am satisfied that the judgment debtor willfully and deliberately violated the orders of the court, thus preventing the judgment creditor from collecting his judgment. (*Wynkoop* v. *Myers*, 7 N. Y. Supp. 898; *Matter of Black*, 138 App. Div. 562; *National Wall Paper Co.* v. *Gerlach*, 15 Misc. 640; *Canda* v. *Gollner*, 73 Hun, 493.)

(2) Although I am persuaded that the judgment debtor deliberately withheld information relating to the two actions, wherein he was plaintiff, and although if the question were an open one I would be inclined to adjudge him in contempt therefor, I am confronted with the holdings that perjury in supplementary proceedings does not constitute contempt. The courageous decision of Mr. Justice Koch in *Matter of Ferguson* v. *Perk* (138 Misc. 326), wherein false swearing in supplementary proceedings was held to be punishable as contempt, was followed two years later by *Grief* v. *Masch* (147 Misc. 756), wherein the Appellate Term, First Department, held that where a judgment debtor " had deliberately given false testimony upon material matters in his

examination in supplementary proceedings  *  *  *  the court was not authorized to punish the debtor for contempt on that ground."

Viewing the case as a whole I am convinced that the judgment debtor's conduct has defeated, impaired, impeded and prejudiced the right or remedy of the judgment creditor, and that, therefore, he should be adjudged guilty of contempt and fined the amount of the judgment, $4,092.88, together with interest in the sum of $840 and a counsel fee of $500 (Judiciary Law, § 773), making a total of $5,432.88. The judgment debtor may purge himself of the contempt by paying the aggregate sum of $5,432.88 within one year from the service of a copy of the order hereon with notice of entry; such payment may be made in twelve equal installments, the first on February 1, 1934, and the remaining eleven on the first of each month thereafter until the total amount is paid. Settle order on notice.