NATHAN TOLK, Plaintiff, *v.* CORN EXCHANGE BANK TRUST COMPANY, Defendant.

Municipal Court of New York, Borough of Queens, Fifth District, January 24, 1935.

*Nathan Tolk,* for the plaintiff.

*Laughlin, Gerard, Bowers & Halpin,* for the defendant.

MORRIS, J. The corporation known as Modart Furs, Inc., was a depositor with the defendant Corn Exchange Bank and on the 26th day of December, 1934, had on deposit with the Corn Exchange Bank the sum of twenty-nine dollars and thirty-two cents. On December 26, 1934, a corporation known as The F. D. Service Co., Inc., obtained a judgment against Modart Furs, Inc., and under

that judgment on the 26th day of December, 1934, served upon the Corn Exchange Bank, the defendant, a third party order which was offered in evidence, marked plaintiff's Exhibit I, and which order in part contained the following: " And the Corn Exchange Bank Trust Company, Pennsylvania Station Branch, is hereby forbidden to transfer or make or suffer any other disposition of any property belonging to the said judgment debtor [meaning Modart Furs, Inc.], or to which said judgment debtor may be entitled not exempt by law from levy and sale under execution or in manner to interfere therewith, until further order in the premises."

On the 28th day of December, 1934, two days after the third party order was served on the defendant bank, the judgment debtor in the proceeding, Modart Furs, Inc., assigned to the plaintiff, under a written assignment, the amount of money on deposit with the Corn Exchange Bank, to wit, twenty-nine dollars and thirty-two cents, and which written assignment was offered in evidence and marked plaintiff's Exhibit II.

The plaintiff, after the assignment was executed by Modart Furs, Inc., made a demand upon the Corn Exchange Bank for the payment to the plaintiff of the sum of twenty-nine dollars and thirty-two cents, and the defendant bank refused to pay said amount, claiming that the third party order served upon it and which had not been vacated is a complete defense to the action. The answer of the defendant bank reads as follows:

" 1. On December 27, 1934, one day prior to the alleged assignment to plaintiff by Modart Furs, Inc., of the latter's deposit, defendant was served with a third party order in an action entitled F. D. Service Co., Inc., judgment creditor, against Modart Furs, Inc., judgment debtor, which said order enjoined defendant Corn Exchange Bank Trust Company from transferring or making or suffering any disposition of the property of the judgment debtor in its possession.

" 2. General denial.

" 3. Pursuant to a contract between defendant and plaintiff's assignor, plaintiff's assignor has agreed to pay defendant the sum of two dollars for each and every month that plaintiff's assignor average balance for the month is less than $300.00, as and for service charges on his account."

No facts were submitted to the court as to the alleged contract between the defendant and plaintiff's assignor, and, therefore, there is no consideration to be given to this defense or counterclaim as there is no proof as to the existence of such alleged agreement.

The defendant's contention is that if it turned over the sum sued for to the plaintiff, it would be open to a charge of contempt

of court and cites as an authority *Hand* v. *Ortschreib Building Corporation* (136 Misc. 692). In the case just cited Judge CROPSEY writing his opinion states (at p. 693): " It being found that the bank after the service of a supplemental order paid out moneys it then had on deposit, it committed a contempt, as it violated the injunction contained in the order, and it must be fined the amount so paid out."

On the submission of the facts to the court, it was conceded that a motion to vacate the third party order staying the defendant bank was made before a justice of the City Court, and the motion to vacate said order was denied.

In view of the assignment by the judgment debtor Modart Furs, Inc., the case of *Hand* v. *Ortschreib Building Corporation* (*supra*) may be distinguished as in that case at the time the Municipal Bank and Trust Company paid out moneys it then had on deposit, said moneys were the property of the judgment debtor, while in the instant case at the time suit was brought by the plaintiff on or about December 29, 1934, the moneys on deposit with the Corn Exchange Bank Trust Company by assignment were the property of the plaintiff.

An " assignment " in its most general sense is " a transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein." (Bouvier Law Dict. [Rawle's Third Revision], p. 260.)

" An assignment is a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, or chattel or other thing." (*Griffey* v. *New York Cent. Ins. Co.*, 100 N. Y. 417, 422.)

The affidavit on which the order of the City Court, dated December 26, 1934, enjoined the defendant bank, states: " That the Corn Exchange Bank Trust Company, Pennsylvania Station Branch, has personal property belonging to said judgment debtor exceeding $10 in value, consisting of moneys on deposit."

The stay in the order of December 26, 1934, is based upon said allegation, and the stay in said order has full force and effect only so long as the money on deposit with the defendant bank belongs to the said judgment debtor. In view of the assignment by the judgment debtor, there has resulted a transfer of the whole interest of the judgment debtor to the plaintiff, and it, therefore, cannot be argued that the defendant bank would be open to a charge of contempt of court in view of the fact that it would not be paying over property belonging to said judgment debtor.

The plaintiff herein as attorney for the plaintiff in another action had a similar case which involved the board of education of the

city of New York. The case is *Starkman* v. *Kelly*, originally· tried in the Ninth District, Municipal Court, Manhattan, in June, 1934, and affirmed without opinion by the Appellate Term, First Department. (See N. Y. L. J. Jan. 18, 1935, Appeal No. 147.)

The court has had the advantage of an examination of the record in the *Starkman* case, and the facts appear to be as follows: The Advance Building Cleaning Corporation agreed to do work for the board of education for $450, so that the board of education certified to the comptroller of the city of New York that it should pay $450 to the said firm. Some time prior thereto the said Advance Building Cleaning Corporation became indebted to one Kelly in the sum of $153, so that said Kelly on February 24, 1933, obtained a judgment for that amount, and on the same day docketed its judgment. On March 3, 1933, Kelly obtained from the City Court, New York county, a third party order similar to the one in this case, containing a similar injunction directed to the comptroller to attend and be examined concerning said obligation of $450, which said third party order was served on the comptroller on March 6, 1933. The comptroller later attended at the City Court, was examined as a third party and admitted that according to his records, there appeared to be due and owing to the said Advance Building Cleaning Corporation the sum of $450, but that after obtaining said information, the said Kelly did nothing else to enforce the collection of the judgment, had no receiver appointed, but did the same as the F. D. Service Co., Inc., in the instant case, simply rested. On March 17, 1933, the Advance Building Cleaning Corporation on an instrument in writing dated and acknowledged on that date assigned to Starkman the whole of said sum of $450, due from the board of education, and the said Starkman filed said assignment with the comptroller on May 18, 1933. On April 6, 1934, approximately one year after the assignment was delivered to Starkman, the plaintiff in the instant case as attorney for Starkman moved the City Court to vacate the said third party order granted in the *Kelly* case, and the motion was denied. Starkman then sued the board of education in the Municipal Court for $450, and in said action Kelly, who had a judgment against the Advance Building Cleaning Corporation, was brought in as a party defendant on consent and he interposed a cross-complaint or claim that he was entitled to the payment of his judgment in the sum of $153 out of said $450, and that a judgment so obtained by him prior to the said assignment to Starkman was superior to the claim of Starkman and that a third party order was in the nature of an equitable lien against the $450 to the extent of $153 due him.

In the *Starkman* case, the same as in the instant case, no testimony was taken; all the facts were conceded and the concessions and admissions placed into the record by dictating the same to the official stenographer.

The court has examined the respective briefs of counsel submitted to the Appellate Term in the *Starkman* case, and the record on appeal. The Municipal Court justice trying the *Starkman* case, with all the foregoing facts before him, rendered judgment for the plaintiff Starkman in the sum of $450 against the board of education, dismissed the claim of Kelly on the merits and the judgment was paid by the comptroller of the city of New York and satisfied as against the board of education. The defendant Kelly in the *Starkman* case appealed to the Appellate Term, First Department, and the judgment of the lower court as already stated was affirmed without any opinion.

It, therefore, follows that the defendant bank need not have any fear of being punished for contempt if it pays to this plaintiff under a judgment in view of the assignment made by the judgment debtor Modart Furs, Inc., to the plaintiff.

For the reasons stated the motion of the defendant to dismiss the complaint is denied, the counterclaim is dismissed, and the judgment is directed in favor of the plaintiff in the amount of twenty-nine dollars and thirty-two cents, with interest together with ten dollars discretionary costs.

Submit judgment on two days' notice.

Ten days stay.