CAROLINE FOX, Plaintiff, *v.* VIM ELECTRIC CO., INC., and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, Sixth District, June 24, 1935.

*Nathan Rachel*, for the plaintiff.

*Irving Goldenberg* for the defendant Vim Electric Co., Inc.

WECHT, J. Grace G. Carvey, by assignment dated April 6, 1935, and acknowledged April 12, 1935, assigned to plaintiff herein certain moneys on deposit in her name, with the Dime Savings Bank of Brooklyn.

The Vim Electric Co., Inc., had obtained, prior to the date of the assignment, a judgment against the said Grace G. Carvey, and had served on the Dime Savings Bank of Brooklyn, on April 5, 1935, a day before the assignment, a third party order pursuant to section 792 of the Civil Practice Act, restraining the Dime Savings Bank of Brooklyn from making any disposition or transfer of the moneys in its possession until further order of the court.

Subsequently, an action was started by the plaintiff herein, the assignee, against the Dime Savings Bank of Brooklyn, under her assignment, seeking to recover the sum on deposit. The bank has interpleaded the Vim Electric Co., Inc., the judgment creditor, and Grace G. Carvey, the judgment debtor. The plaintiff now moves for summary judgment claiming that she is entitled to the fund by reason of her assignment of April 6, 1935, irrespective of the rights of the judgment creditor, the Vim Electric Co., Inc., and in total disregard of the order served on the bank prior to the assignment.

An assignment of a chose in action conveys merely the rights which the assignor had in the thing assigned at the time of the assignment.

"The assignee acquires by reason of the assignment no greater rights against the debtor than those of the assignor against the debtor at the time of notice to him. The rights of the assignee are subject to the performance of the conditions by which the assignor was bound  *  *  *.

"So the assignee takes the chose subject to all equities and defenses between the assignor and the debtor existing at the time of the assignment  *  *  *  and to arrangements made between the debtor and the assignor prior to the time when the debtor receives notice of the assignment." (5 C. J. p. 962.)

Whatever the law in this State was under the earlier decisions, the court, in *Central Trust Co.* v. *West India Imp. Co.* (169 N. Y. 314, at p. 323), defines the present status of an assignee in the following words: "It is further the settled law of this state, though a different rule prevails not only in England, but in the Federal courts and in some of the states, that a *bona fide* purchaser for value of a chose in action takes it subject not only to the equities between the parties, but also to latent equities in favor of third persons."

"The purchaser of a chose in action takes the interest purchased, subject to all the defences, legal and equitable, of the debtor who issued the security.  *  *  *  In the transmission of property, of any kind, from one person to another, the former owner can, in reason, only transfer what he himself has to part with, and the other can only take what is thus transferred to him." (*Bush* v. *Lathrop*, 22 N. Y. 535, 538.)  (See, also, *Stevenson Brewing Co.* v. *Iba*, 155 N. Y. 224; *Fairbanks* v. *Sargent*, 104 id. 108.)

What did the assignor have to part with at the time of the assignment? She herself had no right to withdraw the money. The bank was prohibited by the order served upon it from transferring the fund until further order of the court. The order was made by a justice of the City Court of the City of New York, and that order still stands.

The judgment creditor has the power by proper proceedings to have a receiver appointed or obtain a permissive order to appropriate this fund and apply same on account of the judgment. These powers were in existence at the time of the assignment. The assignor could not touch the fund until the order of the City Court had been vacated. The assignee must stand in the shoes of the assignor and must be deemed to have received the assignment with knowledge of all the infirmities attached to the moneys in the bank. To hold otherwise would invalidate and nullify any order served

on a third party seeking to attach funds due to a judgment debtor. All a judgment debtor would have to do to nullify such an order would be to assign such funds immediately upon becoming aware of the service of a restraining order on a third party. The Legislature could not have meant to make the provisions of section 792 of the Civil Practice Act so impotent. An order of the court issued under that section cannot be construed as a mere idle gesture to mollify the judgment creditor, without, however, offering him assistance in any way.

In connection with this case it might be pointed out that the courts have taken a more liberal attitude in assisting a judgment creditor in his attempt to enforce the collection of his judgment. The new article 45 of the Civil Practice Act, which goes into effect on September 1, 1935 (Laws of 1935, chap. 630), evidences the attitude of the Legislature in that respect. Section 792 of the Civil Practice Act has been incorporated in this new article under section 779. The committee of the Brooklyn Bar Association, appointed to study the practice in supplementary proceedings, reported as follows: " Your committee believes that unless the general attitude and outlook of the court in the enforcement of process and rulings in the proceedings is changed no revision of the statutes will prove effective. * * * Too much emphasis cannot be laid upon the importance of supplementary proceedings. It is indeed a folly to waste the time and money of the public and litigants in giving them their day in court without the subsequent proper enforcement of the judgments granted them. It is a travesty indeed to show great concern in determining their rights before and at trials, and then to leave them to flounder for themselves. * * * Many an unpaid judgment would have been paid long ago had a judge evidenced some interest in its enforcement." (See N. Y. L. J. June 21, 1935, editorial page.)

The court's attention has been directed to the opinion in *Tolk* v. *Corn Exchange Bank Trust Co.* (154 Misc. 296), involving a similar situation as the case at bar; but the court cannot agree with the conclusion arrived at by my distinguished colleague in that case. Personal research has failed to reveal any other reported decisions supporting plaintiff's contention.

Motion for summary judgment denied.