In the Matter of Supplementary Proceedings: CLIFFORD A. COBBE, Judgment Creditor, *v.* MELVIN C. STOWE and HELEN C. STOWE, Judgment Debtors.

County Court, Delaware County, July 12, 1939.

*Arthur F. Curtis*, for the judgment creditor.

*Govern & McClenthen*, for the assignee.

BROWN, J., Acting County Judge.   This matter is presented on a statement of conceded facts.   It appears that, on April 14, 1939, the judgment creditor recovered a judgment in Justice Court of the town of Delhi, Delaware county, against the judgment debtors in the sum of $182.97.   Thereafter, pursuant to article 45 of the Civil Practice Act, a subpœna for the examination of a third party in proceedings supplementary to judgment was issued, directed to Nellie Kniskern, treasurer of school district of Hobart, requiring her to appear before Honorable A. LINDSAY O'CONNOR, County Judge of Delaware county, on the 15th day of May, 1939, at ten o'clock in the forenoon to be examined concerning property or moneys of the judgment debtors or indebtedness due them. Endorsed upon the copy of the subpœna was the provision forbidding the transfer, paying over or otherwise disposing of the property or moneys belonging to the judgment debtors or thereafter coming due to them, pursuant to section 781 of the Civil Practice Act. A copy of the subpœna was served on said Nellie Kniskern, April 27, 1939.

Upon the return day of the subpœna the president and clerk of the board of education appeared.   Proof was given that a contract

existed between the school district and Melvin C. Stowe and Helen C. Stowe, the judgment debtors, whereby said judgment debtors agreed to furnish transportation for pupils to and from the school premises and the school district agreed to pay therefor the sum of eighteen dollars daily for each school day on which transportation was furnished, payment to be made monthly. It appears that, by reason of " a notice," the nature of which does not appear and which evidently had been previously served, the school district was directed to deduct from the moneys payable to the judgment debtors each month the sum of $170, which was payable to one Howard Coulter. On the 28th day of April, 1939, after deducting the amount to be paid said Coulter, there remained a balance of eighty-two dollars due to the judgment debtors, which sum was paid to them.

On April 28, 1939, E. T. VanBuren & Sons, Inc., caused to be served on the president of the board of education an assignment made by the judgment debtors to said corporation purporting to assign to it " the sum of $362.00 which sum shall become due and payable to us on or about May 31, and June 23rd, 1939, from the Board of Education of Hobart High School and District #4, Town of Stamford, Hobart, New York." The assignment was dated April 28, 1939, and indorsed thereon was an acceptance of service by Nellie Kniskern, as treasurer, under date of May 3, 1939.

The judgment creditor has presented a petition asking for an order under section 794 of the Civil Practice Act directing School District of Hobart, New York, to pay to the judgment creditor the sum of eighty-two dollars, the balance remaining in the hands of the treasurer April 28, 1939, after the payment to said Coulter of $170, and such sums as thereafter became due to the judgment debtors, less the amounts to which Howard Coulter is entitled, until the judgment on which this proceeding is based is paid.

E. T. VanBuren & Sons, Inc., contend that, under the assignment made to them by the judgment debtors April 27, 1939, it is entitled to be paid by the school district from the moneys due or becoming due to the judgment debtors the amount of such assignment. The assignee relies upon the authority of *Prospect Coal Co., Inc.*, v. *Commercial Credit Corp.* (161 Misc. 780) in support of their contention. In that case it was held that a valid assignment by a debtor to his judgment creditor of a credit in a bank account was not subordinate to the claim of a prior judgment creditor who had merely served upon the bank a third-party order for examination in supplementary proceedings containing a restraining order. A decision in the case of *Tolk* v. *Corn Exchange Bank Trust Co.*

(154 Misc. 296) is in agreement with the decision previously referred to. It does not appear in the *Prospect Coal Co., Inc.*, proceedings whether the assignment was made prior or subsequent to the service of the subpœna or order, while in the *Tolk* case the assignment was made before the order was granted or served. In the present case the subpœna was served on the 27th day of April, 1939, while the assignment was not dated until the following day and was not accepted by the treasurer of the school district until May 3, 1939. The decisions above mentioned are in conflict with the case of *Lebowitz* v. *Bowery Savings Bank* (155 Misc. 567) and of *Fox* v. *Vim Electric Co., Inc.* (156 Misc. 621).

Article 45 of the Civil Practice Act (Laws of 1935, chap. 630, in effect Sept. 1, 1935), regulating proceedings supplementary to judgment, changes materially the provisions in several former sections of the Civil Practice Act applicable to such proceedings and was designed to give greater aid to vigilant judgment creditors in their efforts to collect from delinquent debtors. Section 781 of the Civil Practice Act, which supersedes former section 797, enlarged the scope of the injunctive provisions as to transfers or other dispositions of property following service of an order or subpœna on the judgment debtor or a third party who has in his possession property belonging to the judgment debtor or to which he might be entitled " or which may thereafter be acquired by or become due to said judgment debtor or to pay over or otherwise dispose of any moneys due or to become due to such judgment debtor."

In my opinion the judgment creditor acquired a lien upon the moneys owing the judgment debtors, exclusive of the amount payable to Coulter, at the time of the service of the subpœna. (Civ. Prac. Act, §§ 779, 781; *Collins* v. *Connelly*, 125 Misc. 871; *Lebowitz* v. *Bowery Savings Bank, supra; Matter of Aetna Life Ins. Co.* v. *Asba Corp.*, 243 App. Div. 585.)

The assignee took the assignment from the judgment debtors subject to such liens or equitites as the judgment creditor had acquired in the proceedings instituted by the service of the subpœna. (*Central Trust Co.* v. *West India Imp. Co.*, 169 N. Y. 314; *Bush* v. *Lathrop*, 22 id. 535; *Stevenson Brewing Co.* v. *Iba*, 155 id. 224; *Fox* v. *Vim Electric Co., Inc., supra.*)

Section 799-a of the Civil Practice Act seems to be a complete answer to the question raised here by the assignee. This section, added by chapter 605 of the Laws of 1938, became effective September 1, 1938, and declares that: " Every transfer by the judgment debtor by assignment or otherwise, of any property held by, or

debt due from a third party upon whom there shall have previously been served an order or subpœna containing any stay or injunction as provided in this article, shall be subject to such rights and remedies as the judgment creditor would have had if such transfer had not been made; except that the foregoing provisions of this section shall not apply to (a) transfer of a debt evidenced by a negotiable instrument which has been transferred to a transferee in good faith and for value, or (b) transfer of property which has been delivered, or for which a negotiable warehouse receipt, negotiable bill of lading or other negotiable document of title has been delivered, to a transferee in good faith and for value." The purported assignment in this case is not one of the instruments excepted from the provisions of said section.

An order will be granted directing the payment to the judgment creditor from the moneys owing the judgment debtors by said school district at the time of the service of the subpœna the sum of eighty-two dollars and such further sums of money as are now due and unpaid or may hereafter become due to such judgment debtors, less the amount to be paid Howard Coulter, until the full amount of the judgment, together with the costs of the proceedings, is fully paid.