In the Matter of JACOB RUPPERT, Judgment Creditor, against MICHAEL J. DELANEY, Judgment Debtor.

City Court of the City of New York, Special Term, New York County, April 17, 1945.

*Myer Leibowitz* and *Benjamin Leibowitz* for judgment creditor.

*Meyer W. Greenwald* for Metropolitan Life Insurance Company, witness.

PARELLA, J. This is a motion to punish Metropolitan **Life** Insurance Company, a witness, for contempt of court.

The proceeding was instituted by the service of an order for the examination of the judgment debtor. The debtor defaulted in appearing, was never examined, and the proceeding itself is still pending. In the meantime, on February 19, 1945, a subpœna duces tecum was served upon the respondent directing it to attend for examination as a witness and requiring it to produce certain records pertaining to the judgment debtor's tenancy in a building owned by it, which building is embraced within a group of apartments belonging to defendant and housing approximately twelve thousand families. The witness appeared ready to answer questions on any phase of its business relationship with said judgment debtor except that it refused to answer questions or to produce records relating to any matter or transaction that occurred prior to the creation of the relationship of landlord and tenant. Specifically, it refused to answer any questions or produce any records covering prior dealings which would tend to disclose the judgment debtor's bank account and the place where he maintained his business or was employed. The respondent refused to produce the application for the apartment signed by the judgment debtor, which application would disclose these matters. This refusal persisted even after the court orally directed respondent to submit itself to examination concerning that application.

The respondent also contends that, since the title of the proceeding indorsed on the subpœna shows Bronx County as the venue, although the subpœna is made returnable in New York County, and since the subpœna was not served within two years from the date of the judgment, the subpœna is therefore invalid and the court without jurisdiction. (Civ. Prac. Act, § 782, subd. 2.) It contends that the papers or records and information sought are not relevant and material to the issue concerning which the respondent should be examined, that is, the judgment debtor's business with the respondent.

The respondent further contends that if the judgment creditor's position is sustained, it, the respondent, may be constantly subjected to harassment, annoyance and substantial expense in investigating and supplying, in other such proceedings, similar information concerning debtors who may be or may have been its tenants.

The record shows that the original proceeding was instituted by the judgment creditor (for the examination of the judgment debtor) in Bronx County, where the judgment debtor resided. This witness has its principal place of business in New York County. The subpœna for the examination of the witness was

properly made returnable in New York County though the proceeding itself is laid in Bronx County. In any event the respondent was clearly informed by the subpœna that attendance in New York County was required and any irregularity in its caption does not affect the validity of the subpœna. (Civ. Prac. Act, § 787.)

Under subdivisions 1, 2 and 3 of section 782 of the Civil Practice Act, the subpœna would be invalid since it was concededly served ten years after the date of the judgment. However, this subpœna was served pursuant to subdivisions 4 and 6 of said section; the age of the judgment is of no consequence when a subpœna is issued and served in a pending proceeding, as is the case here.

The testimony of the witness as transcribed indicates that it has within its possession information as to where the judgment debtor maintained a bank account, as well as information concerning other assets, not exempt from execution; that it also has a record of the name and address of the debtor's employer and of his earnings. This to me clearly shows that the records and information sought by the judgment creditor are relevant and material to the issues to which the examination properly relates.

The sole question for determination, therefore, is whether the witness has unreasonably refused to obey the oral direction of the court. Article 45 of the Civil Practice Act (L. 1935, ch. 630) relating to "Proceedings Supplementary to Judgment", embraces much remedial legislation designed to give greater aid to vigilant judgment creditors in their efforts to collect their judgments from delinquent debtors (*Cobbe* v. *Stowe*, 171 Misc. 687). The provisions of that article are construed liberally in favor of the judgment creditor in order that its objectives may be attained, although, of course, the court should not be disposed to allow the use of its process in such a way as to require strangers to the litigation to make extended and costly searches of voluminous records.

Here, however, the judgment creditor merely seeks information concerning the property of a delinquent debtor, information he is entitled to have. It is my opinion, therefore, that the witness, possessing that information, no matter how or when secured, should not be allowed to withhold it; that the procedure adopted by this judgment creditor reasonably complies with the provisions of the statute, and is proper even though the witness is, regrettably, inconvenienced.

The conduct of the witness has tended to defeat, impair, impede and prejudice the rights and remedies of the judgment creditor.

The motion is granted and the respondent is adjudged guilty of contempt of court and fined the sum of $250 with leave to purge itself by submitting to examination and producing the afore-mentioned application at Special Term, Part II, on April 30, 1945, 10:00 A.M.

Settle order.