Betty B. Goergen, Respondent, v. State of New York, Appellant. (Claim No. 33485.) — This is an appeal from an order granting claimant's motion for an examination before trial of two parole officers, and for the production of records and other documents in the possession of the Correction Department and the Board of Parole. The desired pretrial disclosure is in relation to one Lester Tice, a parolee who was allegedly hired by claimant on representations of parole officers, and who subsequently assaulted the claimant. The State attacks the order below on the ground that the records of the Board of Parole are clothed with secrecy and hence should not be examined by claimant or her attorneys. Further, the State objects to the order because it allows examination of the personnel with regard to conversations and events subsequent to the date of the alleged attack by Tice. The State recognizes that it cannot overturn that part of the order which directs the

*Department of Correction* to produce its records relating to Tice. Section 15-a of the Correction Law states that, even though the Commissioner of Correction may make rules as to the privacy of records kept by the department or institutions under its control, he cannot "authorize refusal of an inspection or withholding of information authorized or required by the court or a judge thereof". The State argues, however, that section 15-a is not applicable to the Board of Parole, since it is not a part of the Correction Department. From this point it is reasoned, on the assumption that Board of Parole records *are* immune to the inspection sought herein, that any Board of Parole records, or copies thereof, in the possession of the Department of Correction should be excluded from the order. While this court recognizes the sensitive nature of Board of Parole records, it does feel, under the particular facts alleged in this claim (see decision reported below at 5 Misc 2d 798), that a limited, court-supervised inspection ought to be allowed. The State seems to object to production of these records mainly on the ground that it will result in disclosure of the sources of information contained therein. Accordingly, the State feels that the gathering of the information, much of which can only be done on the assurance that the source is never revealed, will be unduly hampered. However, the respondent's attorney, in his brief on appeal, states: "It is not necessary  *  *  * in this examination to know the names of persons who supplied information or the sources of the State's information." This concession on the part of the claimant removes the major objection to the production of the Board of Parole records. Considering the confidential nature of the information involved, plus the fact that the sources are to be withheld if the State so desires, it would seem that this is the type of examination which should be held before a judge of the Court of Claims (Court of Claims Act, § 17, subd. 2), and the order should so provide. The objection by the State that the order permits examination of its agents as to events which happened after the cause of action arose would be well taken if we could be certain that such examination would completely fail to produce evidence admissible on the trial. Under the circumstances, we feel that the scope of the examination allowed by the order is not too broad, and that the question of admissibility of any evidence obtained thereunder should be left for the trial court. Order modified to direct that the examination be held before a judge of the Court of Claims, and that the production of records be controlled by the judge so as not to reveal sources of information or information the disclosure of which would be contrary to the public interest, and as so modified, affirmed. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur. [5 Misc 2d 798.]