In the Matter of ARMAND DEUTSCH et al., Judgment Creditors, *v.* CAMERON MITCHELL, Judgment Debtor.

Supreme Court, Special Term, New York County, May 4, 1962.

*Lyman Stansky* for judgment creditor. *Halperin, Morris, Granett & Cowan* (*Robert Morris* of counsel), for judgment debtor.

NATHANIEL T. HELMAN, J. Motion to direct the escrowee to turn over certain moneys now in its possession to the moving party is denied. Plaintiff Deutsch had obtained a judgment against defendant Mitchell on a default, following which he effected service on the escrowee of a third-party order containing the usual stay provisions. The judgment was thereafter vacated on the application of the judgment debtor with the proviso that the judgment was to stand as security pending the outcome of an arbitration proceeding. It is to be noted that the order of vacatur specifically deleted proposed provisions for the removal of prior stays. Title to the escrow funds having been in dispute between the assignor of movant and the judgment debtor, a compromise was thereafter reached between them to divide

equally the fund in the hands of the escrowee. To the extent of 50% of said fund, the moving party now seeks a direction from the court to the escrowee to make such payment.

Section 799-a of the Civil Practice Act effectively places the judgment creditor in the same position as the judgment debtor with respect to a transfer of property or debt due from a third party (*Cobbe* v. *Stowe*, 171 Misc. 687; *Newark Fire Ins. Co.* v. *Brill*, 7 N. Y. S. 2d 773). Whatever agreement may have been made between the judgment debtor and the claimant must certainly be deemed subject to any liens or equities favorable to the creditor. In the absence of evidence that the amount claimed represented a liquidated indebtedness to the claimant *prior* to the compromise, the judgment creditor will be heard to say that the compromise agreement may serve to defeat and impair his rights under the judgment.