Shanley N. Egeth, J.
This motion made by the Probation Department of the City of New York seeks to quash a subpoena served upon it by a judgment creditor in a proceeding against a debtor alleged to be under its jurisdiction following his conviction in a criminal proceeding.
The subpoena duces tecum which is the subject of this motion directs disclosure of that portion of the probation records of the debtor which will reveal the residential address and the place and address of employment of the judgment debtor. The affidavit of the judgment creditor in opposition to this motion clearly states that there is no real interest in the Probation Department records themselves, but only in the information sought as to the whereabouts and place of employment of the judgment debtor.
The Probation Department has brought on this motion to quash the subpoena asserting that its records are privileged and confidential, and that it is barred from complying with the subpoena by virtue of the provisions of CPL 390.50, and the Rules and Regulations of the Department (9 NYCRR 345.16 [b]).
This motion directly raises for resolution a question as to possible conflict between the rights of a judgment creditor to disclosure of necessary information in proceedings in enforcement of judgment, and the claimed conceivable confidential and privileged nature of the information when sought from a governmental agency. Public policy, as expressed in the statutes of this State, has encouraged facilitation of the disclosure of relevant information to enable a judgment creditor to recover the amount of the judgment. At the same time, under appropriate circumstances, it has enforced privilege and circumscribed such disclosure by government agencies, when the enforcement of such privilege serves a more paramount and compelling public purpose. Research in this case has disclosed *520 no prior decision which directly disposes of the particular issue raised on this motion.
There is no question that absent the assertion of a valid claim of privilege, the judgment creditor is entitled to the information sought herein (CPLR 5223; Matter of Ruppert v Delaney, 184 Misc 745, 747). It is equally clear that the one asserting the existence of a privilege has the burden of proving its validity and applicability. (Koump v Smith, 25 NY2d 287, 294.) In this case the movant has attempted to meet this burden solely by citing and relying upon CPL 390.50 (subd 1), and its rules.
CPL 390.50 (subd 1) reads, in part, as follows: "information gathered for the court by a probation department * * * in connection with the question of sentence is confidential and may not be made available to any person * * * except * * * upon speciñc authorization of the court. ” (Emphasis added.)
The Practice Commentary, authored by the New York State Director of Probation, Peter Preiser, (McKinney’s Cons. Laws of N. Y., Book 11 A, CPL 390.50, p 126) makes it clear that where the statute is applicable it does not operate as an absolute bar to disclosure, but merely authorizes a court to limit or regulate disclosure to the extent that the proper administration of justice requires the preservation of confidentiality.
The language of this statute, and the commentary thereto, leads this court to the opinion that said statute is in no way applicable as a bar to disclosure under the circumstances presented upon this motion. This statute deals with efforts of the Probation Department to assemble necessary presentence information to assist a Judge in passing sentence in a criminal proceeding. The present whereabouts, nature and place of employment of the debtor following his sentence is not that type of information.
There do not appear to be any decisions dealing with disclosure or a bar to disclosure of this material to persons not involved in the criminal proceedings in which the information to assist in sentencing has been accumulated. The problems of disclosure under this statute have generally arisen when a defendant seeks presentence disclosure of information in the report which affects his sentence.
Even if the cited statutory provision was held to be applicable as a possible bar to the disclosure of the postsentencing *521 information sought in the subject subpoena, this court still would possess the authority in its discretion to direct disclosure.
The statutory provision entrusting to judicial discretion the preservation of the confidentiality of probation department information was first inserted in the predecessor of the present statute in 1966. (Code Grim. Pro., § 931, subd 2; L 1966, ch 748.) It resolved the then rampant controversy relating to the proper balancing of the rights of a defendant in a criminal proceeding and the necessity of maintaining sufficient confidentiality to enable a probation department to protect sources in procuring meaningful material to assist a sentencing Judge. It accomplished this by reserving the determination in each individual case to the exercise of sound judicial discretion as to whether the need to preserve confidentiality would mandate a bar to disclosure. Judge Keating of the Court of Appeals, in a decision rendered about the time of this statutory enactment, described the necessity of protecting sources of information and the continual access to such information by creating confidentiality where necessary and desirable. (People v Peace, 18 NY2d 230, 234, 236.)
By rule, the Department of Probation has directed that its records “shall be guarded against inspection by persons not entitled to inspect them” (9 NYCRR 345.16 [b]). The department obviously has the right to enact rules governing the conduct of its employees and the availability of its records, and when such rules are properly adopted, they have the force and effect of law. (Executive Law, § 243.)
These rules, however, have no applicability to the matter before this court. If this court, in the exercise of its discretion, determines that the information sought in the subpoena is not, and should not be privileged, and not therefore barred from disclosure, the departmental rule in no way limits the court from directing such disclosure. As a matter of fact, a judicial determination, or the issuance of an order directing the department to make information from its records, or a portion thereof, subject to disclosure, would constitute the applicant therefor as a person entitled to inspection under the language of the rule.
The exercise of judicial discretion in determining the extent of disclosure (whether limited or supervised), has been permitted under similar circumstances where analogous claims of privilege have been asserted by the Department of Correction *522 and Board of Parole. (See, Goergen v State, 6 AD2d 974; Wilson v State, 36 AD2d 559.)
In the instant case this court does not believe that the public interest requires the confidentiality of the material sought in the subpoena to which this motion is directed. The present address and place of employment of the debtor is not the type of vital presentence information which requires protection from disclosure. This is information supplied to the Probation Department by the debtor for the purpose of receiving favorable judicial consideration. Disclosure of the information would not curtail the future ability of the department to procure such type of information. Inasmuch as the interests of the proper administration of criminal justice do not require the confidentiality of the particular information sought, the enunciated public policy in civil proceedings of encouraging disclosure of information to facilitate the satisfaction of civil judgments, requires this court to assist in the implementation of such expressed public policy.
Accordingly, the motion to quash the subpoena is denied. It is clear, however, that the judgment creditor has no actual need to examine the actual official records of the Probation Department in this case, but rather he seeks specific information which may be contained therein. The Department of Probation of the City of New York is therefore directed, within 15 days following service of a copy of this order with notice of entry thereon, to transmit a written statement to plaintiff, duly signed by an appropriate authorized officer or employee, setting forth the present or last known address, and present or last known employer and place of employment of the judgment debtor, or in lieu thereof, to the extent that any of the information sought is not contained in any of the records, the statement shall so state. The transmittal of the letter directed hereunder shall be deemed to constitute compliance with the subpoena.