OPINION OF THE COURT
John V. Vaughn, J.
This is an application by Newsday, Inc. for an order permitting it to examine and copy a presentence memorandum submitted by the Organized Crime Task Force in connection with sentencing in these matters.
The People have not opposed disclosure of any of the information contained in their presentence memorandum. The defendant and the intervenor defendants, A-l Carting Co. and Pasquale Pezza, have opposed disclosure upon the grounds that it is prohibited (CPL 390.50); violates the secrecy of the Grand Jury; prevents the remaining defendants from obtaining a fair trial, and that the transcripts in question have been sealed by a prior order of the court.
Defendant, James J. Corrigan, Jr., has been named in the above indictments which arose out of an investigation into crimes and corruption in the garbage industry on Long Island. These indictments charge the defendant with conspiracy in the fifth degree in connection with the bribery of certain public officials in the Town of Huntington, coercion in the first degree, violation of the New York State Donnelly Act, and conspiracy in the fifth degree to coerce the parties to violate the State antitrust laws.
On May 4, 1987, defendant pleaded guilty to coercion, first degree, and conspiracy to bribe in the fifth degree. It is alleged that immediately following his plea, the defendant denied any ties to organized crime, and described the payments to the public officials as political contributions which had been misconstrued as bribery. Newsday, Inc. seeks to examine the presentence memorandum submitted by the People upon the belief that it will rebut the defendant’s statements.
In this State, with a few exceptions, it is the general policy that the sittings of every court are to be public (Judiciary Law § 4; see, Craig v Harney, 331 US 367, 374). In addition, the Supreme Court has determined that the right of the *614 public to attend criminal trials is implicit in the guarantees of the First Amendment (Richmond Newspapers v Virginia, 448 US 555). Reporting of crimes and judicial proceedings are events of legitimate concern to the public, and fall within the responsibility of the press to report upon the operations of government (Cox Broadcasting Corp. v Cohn, 420 US 469). Although the press and public do not have an absolute right of access in criminal trials, the burden is upon the objectant to establish justification for denying such access (Globe Newspaper Co. v Superior Ct., 457 US 596, 606).
This right of access has even been applied to certain pretrial hearings. However, in Press Enter. Co. v Superior Ct. (478 US —, 92 L Ed 2d 1 [Press Enter. II]) the court recognized that a preliminary hearing may be closed upon specific findings, demonstrating that, first, there was substantial probability that the defendant’s right to a fair trial would be prejudiced by publicity, and, second, that reasonable alternatives to closure could not adequately protect the defendant’s pretrial rights.
While the Supreme Court has not yet applied the First Amendment directly to a suppression hearing, New York has recently done so. At the same time, the court noted that the right was not absolute and was subject to the same limitations set forth in Press Enter. II (supra) (Matter of Associated Press v Bell, 70 NY2d 32). In Bell (supra, at 37), the court stated that the First Amendment right of access was not limited to the trial itself, and "obviously may pertain equally to other phases of a criminal action.” Nevertheless, no New York case has been cited by the petitioner which has applied the First Amendment rights to presentence reports, and earlier cases have recognized the confidentiality of such reports (People v Peace, 18 NY2d 230; Williams v New York, 337 US 241; Annotation, Presentence Report — Disclosure, 40 ALR3d 681).
In this State the Criminal Procedure Law provides that any presentence report or memorandum submitted to the court is confidential (CPL 390.50). This applies to any presentence memorandum submitted by the People (CPL 390.40). The confidentiality of the memorandum is not absolute, and prior to a recent amendment to the statute, the court was authorized, in its discretion, to disclose the information to third parties. However, the 1986 amendment to the statute imposes the restriction of confidentiality upon the recipient of the information without any apparent authority in the court to dispense from that restriction (CPL 390.50 [1]; L 1986, ch 369). *615 It is fair to state that the language of this amendment does not contemplate release of the information to the press. It has been recognized that a restrictive interpretation of this language would present difficulties in the use of the information by the attorneys to whom it had been disclosed (Preiser, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, 1987 Pocket Part, CPL 390.50, at 41).
A statute should be construed to achieve its legislative intent (Matter of Capitol Newspapers v Burns, 67 NY2d 562). Prior to the amendment to the CPL, it had been held that the purpose of the confidentiality provision in the statute was to protect the Probation Department sources of information, as well as to prevent disclosure of any information which would adversely effect or hinder the rehabilitation of the defendant (Leef v Evers, 81 Misc 2d 518, revd on other grounds 88 Misc 2d 178). It is apparent that the information sought to be rendered confidential was that dealing with the defendant as a person, and not with the facts of the crime.
An examination of the People’s presentence memorandum discloses that it contains information pertaining to the commission of the underlying crime. In fact, the People have represented that the major portion of the transcript has been introduced into evidence in the Federal courts. It is apparent that the information was submitted here in order to refute the defendant’s postplea public statements to the media. Moreover, it is information that would have been public had it been submitted at a trial, or even orally at the time of sentencing (see, United States v Carpentier, 526 F Supp 292, 295, affd on other grounds 689 F2d 21). This court sees no reason why this information should be deemed confidential under this statute, or excluded from the petitioner’s First Amendment right of access.
Defendant and the intervenors have also opposed a release of the information upon the ground that it would violate Grand Jury secrecy (CPL 190.25 [4]). The basis for their position is that some of the transcripts attached to the presentence memorandum indicate that they were introduced into evidence before the Grand Jury. The statute provides that it is unlawful to disclose the nature or substance of any Grand Jury testimony, evidence or any decision, result or other matter identifying a Grand Jury proceeding (CPL 190.25 [4]).
The most often-cited reasons in support of Grand Jury secrecy are (1) prevention of flight by a prospective defendant; *616 (2) protection of the grand jurors; (3) prevention of the subornation of perjury and tampering with witnesses; (4) protection of the innocent accused, and (5) assurance to the prospective witnesses that their testimony will be kept secret so that they will be willing to testify (People v Di Napoli, 27 NY2d 229, 235). At this stage of the proceedings only the fifth reason has any applicability.
Secrecy pertains to the evidence as well as to what occurs before the Grand Jury. Physical evidence or memorandum that is the product of an independent investigation, and not generated by the Grand Jury, is not subject to secrecy (see, In re Grand Jury Matter [Catonia], 682 F2d 61; United States v Interstate Dress Carriers, 280 F2d 52; United States v Saks & Co., 426 F Supp 812). The transcripts in this case have an independent existence apart from the proceedings of the Grand Jury. To preserve the secrecy of that body, it is only necessary to remove the identifying mark on those pertinent documents before disclosure.
The intervenors have further objected to the disclosure of the presentence memorandum upon the ground that it would deprive them of a fair trial. The burden of proof to establish the deprivation of a fair trial is upon the objectant (see, Matter of Associated Press v Bell, 70 NY2d 32, supra). The intervening defendants have failed to meet that burden. The People have represented that most of this information has already been made public in other trials. In addition, the intervenors have themselves suggested that disclosure after the selection of the jury would not prejudice their rights. Thus there is, at the least, an alternate remedy short of absolute closure.
Finally, the defendants contend that the transcripts attached to the presentence memorandum are subject to a prior "gag order” issued by the Supreme Court. That order provides in part: "It is further ordered that the defendants * * * the deputy attorney general * * * shall not cause the eavesdropping warrants, applications, affidavits and accompanying exhibits [sic] to be examined, inspected copied or disclosed to any other person except as is permitted by the court; provided, however, that this order shall not limit or derogate the statutory rights and obligations of the deputy attorney general to make such disclosures, inspections and copying as may be permitted or required by law”. A subsequent oral request to include transcripts was never reduced to the form of a written order.
*617 It is clear that the language of the order does not preclude the use of the information by the Attorney-General at trial, or as part of any court proceeding. A presentence memorandum is part of a court proceeding (CPL 1.20 [16], [18]). Once the information is used at trial or presentence proceedings, it becomes subject to First Amendment rights (Judiciary Law § 4; see, United States v Carpentier, 526 F Supp 292, 295, affd on other grounds 689 F2d 21, supra).
Accordingly, the petitioners’ request is granted upon compliance with the terms of this decision. The information already disclosed in prior court proceedings is to be made available immediately upon deletion of marks, if any, identifying its prior use by the Grand Jury. The information pertaining to the intervening defendant shall be released after selection of the jury in their trial.