(164 App. Div. 185)

HOTEL CLARIDGE CO., Inc., v. GEORGE RECTOR, Inc. (No. 6291.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. TRADE-MARKS AND TRADE-NAMES (§ 93*)—INJUNCTION—SCOPE OF REMEDY.
    An injunction will not issue to restrain the use of a name as a trade-name, in the absence, at least, of evidence to create a presumption of damage to plaintiff.
    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.*]

2. BANKRUPTCY (§ 268*)—CONVEYANCES OF BANKRUPT'S PROPERTY—RIGHTS ACQUIRED.
    . Where the trustee of a bankrupt restaurant corporation assigned, with considerable tangible property, the good will of the corporation, the assignee cannot convey to another greater rights than those assigned.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. § 268.*]

3. BANKRUPTCY (§ 268*)—SALE OF ASSETS—RIGHT TO USE—"GOOD WILL."
    While, upon the sale of the assets of a bankrupt corporation, the "good will," which is the probability that old customers will resort to the old place, may be assigned to the purchaser, the trustee in bankruptcy cannot convey the right to use the bankrupt's name in such a manner as to convey to the public an impression that the assignee and the bankrupt are the same person.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. § 268.*
    For other definitions, see Words and Phrases, First and Second Series, Good Will.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. TRADE-MARKS AND TRADE-NAMES (§ 73\*)—RIGHT TO USE OF NAME.**

Rector, a restaurant keeper, organized a catering corporation under the name of "Rector's," which became bankrupt in 1913; its assets being ultimately transferred to plaintiff. A son of the original Rector, trained by his father in the restaurant business, organized the defendant corporation under the name of "Rector's." *Held* that, while the son could not advertise his business, so as to mislead the public into believing that it was the original Rector's, yet he was entitled to use his own name, and could transfer that right to the corporation, which might advertise its restaurant as "Rector's" without further qualification.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. § 73.\*]

Appeal from Judgment on Report of Referee.

Action by the Hotel Claridge Company, Incorporated, against George Rector, Incorporated. From the judgment, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Louis Lowenstein, of New York City, for appellant.
John M. Stoddard, of New York City, for respondent.

SCOTT, J. The action is for an injunction to restrain the use by defendant of the word "Rector's," or "The World-Renowned Rector's," or any similar phrase in and about any business conducted by it. Much evidence was taken upon the trial, the result of which has been embodied in a careful and exhaustive report by the referee. His findings may be briefly summarized as follows:

Both plaintiff and defendant are corporations organized for the purpose of carrying on the restaurant business, in which they are both now actively engaged. The name "Rector" was made famous in the restaurant business by one Charles E. Rector, who gained reputation first in the city of Chicago and later in the city of New York. His skill and energy were such that restaurants conducted by him achieved much popularity and made large profits. The desirability of the right to use the name "Rector's" as a business name flows from the reputation thus built up by Charles E. Rector as a restaurant keeper. He is not a member of, nor in any way connected with, either of the parties to this action, nor has he undertaken to confer upon either the right to use his name. The plaintiff's claim of the exclusive right to the use of the name "Rector's" is derived as follows:

In the year 1899 Charles E. Rector organized a corporation to carry on the restaurant business under the corporate name of "Rector's," and such business was carried on by said corporation in the city of New York under the personal management, supervision, and direction of said Charles E. Rector until May, 1913, when an involuntary petition in bankruptcy was filed against said corporation, and such proceedings were had that one Edwin C. Ward was appointed receiver, and subsequently trustee in bankruptcy. The receiver in bankruptcy, being thereto authorized by the District Court of the United States, sold at public auction, and in writing assigned, transferred, and con-

veyed, to the Thompson-Starret Company, goods, chattels, and effects of said bankrupt, by the following description:

"All the furniture, carpets, curtains, glassware, china, table service, kitchen utensils, furnishings, assets and effects of Rector's, bankrupt, situate in Hotel Rector, Broadway and Forty-Fourth street, Manhattan, New York City, together with the good will of said Rector's."

The sale was confirmed by the court, and by its order the trustee in bankruptcy subsequently executed to said Thompson-Starret Company a confirmatory bill of sale of said property, assets, and effects by the same description as that employed in the receiver's assignment. The plaintiff was incorporated in July, 1913 (under the name of 1510 Broadway Corporation, since changed to Hotel Claridge Company, Inc.), to carry on, among other things, the business of conducting a restaurant. On August 15, 1913, the Thompson-Starret Company, by an assignment in writing, purported to grant, assign, transfer, and convey to plaintiff the following:

"The good will of Rector's, a domestic corporation, together with the right to use the name 'Rector's.'"

Neither Charles E. Rector, nor any other person by the name of Rector, is now or ever has been connected with the plaintiff or its business. On or about November 1, 1913, plaintiff changed the name of the hotel in which it conducted a restaurant to the "Hotel Claridge," and for a few days advertised itself in the newspapers as "Hotel Claridge, formerly 'Rector's.'" Since about November 6, 1913, plaintiff has not used the name "Rector's" in any way in connection with its business, but has wholly discontinued the use of said name. The defendant was incorporated on or about July 26, 1913, by George W. Rector and two others, who owned and held all the stock thereof, and it is fair to assume, although the fact is not expressly found, that George W. Rector consented to the incorporation of defendant under his name.

George W. Rector is a son of Charles E. Rector hereinbefore referred to. He had been carefully educated by his father in a manner calculated to qualify him for the business of conducting a restaurant, and had been employed in various capacities in and about the business managed and conducted by his father until the latter part of the year 1911, when he severed his connection with it. Since the incorporation of defendant, George W. Rector has devoted himself exclusively to the business carried on by it. At first the defendant used certain signs, and otherwise advertised itself, in a manner calculated to convey the impression that it was the same business as that formerly conducted by Charles E. Rector, under the name of "Rector's." The use of such misleading signs had been discontinued before the trial of the action. Defendant has continued, however, in various ways to announce its restaurant as "Rector's," without any specific reference to the place of business formerly conducted under that name. It is this use of this word which plaintiff seeks to restrain.

The evidence fails to show, and the referee has omitted to find, that any pecuniary damage whatever has accrued to plaintiff by reason of

defendant's use of the word "Rector's," or that any trade or custom has been diverted, in consequence of the use of said name, from plaintiff to defendant. So that the judgment rests upon the bald proposition that plaintiff owns the sole right to the use of such name, and that defendant, in using it, is appropriating plaintiff's property.

[1] The circumstance that no damage, present or prospective, was shown or has been found to have come to plaintiff by reason of defendant's use of the word "Rector's," is an important one in its bearing upon plaintiff's demand for injunctive relief. As a general rule, equity will not interpose by injunction to prevent an act which, even if committed, will work no harm to the complainant. The mere allegation in a complaint that certain acts will produce loss and damage is insufficient, unless supported by proof, of which there is none in the present case. It is true that the damages need not be capable of accurate measurement, for the very fact that they are not thus capable is one of the grounds for equitable interposition; but there must be proof sufficient to create, at the least, a presumption that there will be real damage.

[2, 3] Coming, now, to plaintiff's claim of the exclusive right to the use of the word "Rector's," we are of opinion that it cannot be sustained. The receiver and trustee in bankruptcy did not undertake to convey such a right to Thompson-Starret Company; and it, of course, could convey to plaintiff no more than had been assigned to it by the receiver and trustee in bankruptcy. What the receiver did assign, along with considerable tangible property, was the "good will" of the corporation known as Rector's, the classical definition of which is "the probability that the old customers will resort to the old place" (per Lord Eldon in Cruttwell v. Lye, 17 Vesey, 335); and the consensus of opinion appears to be that a sale in invitum in the bankruptcy court of the good will of a business does not carry with it the exclusive right to use the business name of the bankrupt, or any right so to use it as to convey to the public the impression that the assignee and the original user of the name are the same identical person (see Vonderbank v. Schmidt, 44 La. Ann. 264, 10 South. 616, 15 L. R. A. 462, 32 Am. St. Rep. 336, and cases cited), although, so long as the purchaser from the receiver in bankruptcy continued the same business as that which had been formerly carried on by the corporation "Rector's," it could probably lawfully describe itself as the "successor of Rector's," as the present plaintiff did for a short time. That, however, would not involve the right to prevent any one else, otherwise lawfully entitled to it, from also using the name in its or his business. In considering such a question as we are now discussing, it is desirable to keep clearly in view the distinction between a case like the present and one in which the owner of a trade-name has voluntarily assigned the right to use it (Von Bremen v. MacMonnies, 200 N. Y. 41, 93 N. E. 186, 32 L. R. A. [N. S.] 293, 21 Ann. Cas. 423), and the other class of cases involving the right to the continued use of a firm name.

[4] As to defendant's rights with reference to the name of Rector, it is clear that George W. Rector has the right to use his own name in the conduct of his business (World's D. M. Ass'n v. Pierce, 203 N.

Y. 419, 96 N. E. 738), and we have no doubt that he has an equal right to authorize its use by a corporation of which he is an officer and a large stockholder. He may not, however, through unfairness, artifice, or misrepresentation, injure the business of another or induce the public to believe that his product is the product of that other. World's D. M. Ass'n v. Pierce, supra. We are of opinion that the defendant is entitled, as against the plaintiff, to use its corporate name, or even the single name "Rector's," in advertising its business, but that it cannot lawfully couple with that name anything tending to represent that it is identical with the establishment formerly known as "Rector's," the fame and reputation of which was the result of the skill, management, and direction of Charles E. Rector, or that the establishment conducted by defendant is the successor of the restaurant formerly known as "Rector's." In other words, so long as defendant is content to stand upon its own merits, without seeking adventitious advantage from the fact that another establishment, conducted by another Rector and bearing his name, achieved a large measure of popularity, it may lawfully use the name of Rector to advertise its business.

The defendant has already shown some disposition to make an unfair use of the name "Rector's," and, unless restrained, may do so again. The judgment to be entered herein should aim to prevent this; but, in our opinion, the judgment appealed from goes much further. Strictly construed, it would debar defendant from using its corporate name, or the name "Rector's," unless coupled with words, prefixes, or suffixes establishing a negative, by way of a declaration that it is *not* identical with the establishment formerly known as "Rector's." A more equitable judgment would, in our opinion, be one which would permit defendant to use its corporate name, or the single word "Rector's," provided it avoids the use of any words, prefixes, or suffixes which will represent or tend to represent that it is identical with or the successor of the establishment formerly managed and directed by Charles E. Rector under the name of "Rector's." So long as it avoids such a misrepresentation, it will infringe no right of the plaintiff, and be guilty of no fraud upon the public.

The judgment appealed from should be modified as above indicated, and, as modified, affirmed, without costs to either party. All concur.