THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK VAN BRAMER, Appellant.

First Department, May 13, 1932.

*Joseph M. Klein* of counsel [*David S. Romanov* with him on the brief; *Joseph M. Klein,* attorney], for the appellant.

*Irving J. Tell, Deputy Assistant District Attorney,* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

PER CURIAM. The inferences to be drawn from the evidence were for the triers of the fact. They have apparently taken the view that the defendant was a dealer in this drug, living near the premises where his mother was janitor of the building, and consequently having a free run of the place and kept his stock in the unused locker in the basement. The officers sworn to uphold the law, in their efforts to prevent commercialized crime, are entitled to have these inferences drawn from the facts, as much as is the defendant with a previous criminal record to any contrary inferences. The members of the trial court, whose duty it was to pass upon the weight of the evidence, with the advantage of seeing and hearing the witnesses, have decided that the inferences of defendant's guilt are stronger than any that can be drawn in his favor, and establish his guilt beyond a reasonable doubt. We see no reason for disturbing their conclusion.

In our opinion, the judgment should be affirmed.

Present — FINCH, P. J., MERRELL, O'MALLEY, SHERMAN and TOWNLEY, JJ.; O'MALLEY and SHERMAN, JJ., dissent and vote to reverse and dismiss the information.

O'MALLEY, J. (dissenting). I find no evidence in the record tending to support the charge that the codeine which the defendant

is charged with having in his possession and control was a " habit forming drug." However, assuming that there is such evidence, I am of opinion that the People failed in their proof in other respects.

The information charges that the defendant did unlawfully " possess and have control of a certain habit forming drug." The defendant was neither a resident of the premises in question nor in control of any part thereof. His mother was the custodian or janitor of the tenement house which was being searched by Federal officers under the authority of a search warrant. Her living quarters were in the basement where she occupied rooms on both sides of a hallway. To the rear of this hallway, lockers on both sides were used by tenants of the building. In one of these lockers, formerly occupied by a tenant named Cohen, who had removed from the building some months prior to the defendant's arrest, a package containing some fifty ounces of codeine was found.

At the time the defendant, who lived elsewhere, was in his mother's apartment. His mother, her brother and the defendant himself each denied control or possession or knowledge of the presence of codeine. When informed by the officers that unless some one of the three admitted ownership, all would be arrested, the defendant admitted having placed the drug in the place where it was found some two or three months prior thereto. On the trial the defendant testified that this admission was made because of the threatened arrest of his mother.

In my view, aside from his confession, there was no " additional proof " to support the charge as required by section 395 of the Code of Criminal Procedure. If the discovery of the drug had been the result of defendant's confession, then there would have been corroboration and the " additional proof " required. It is to be noted that there is no evidence in the record tending to show that the defendant had at any time been a dealer in drugs or in possession of such. He directly denied such charge upon cross-examination.

The judgment should be reversed and the information dismissed.

SHERMAN, J., concurs.

Judgment affirmed.