HARRY NEUGOLD, Respondent, *v.* ACE MAIL ADVERTISING, INC., and Another, Appellants.

Second Department, June 3, 1935.

*William Bernstein*, for the appellants.

*Max L. Schallek*, for the respondent.

CARSWELL, J. The Ace Mail Advertising, Inc., hereinafter called the " Ace Co.," on June 30, 1930, obtained a judgment against the plaintiff, Harry Neugold, for $4,092.98.

The Ace Co., on November 25, 1930, obtained an order for the examination of Neugold in supplementary proceedings, with the usual restraining clause. On his examination he suppressed the fact that he had pending in his favor two causes of action against third parties.

On November 2, 1933, the Ace Co. obtained a second order for the examination of Neugold in supplementary proceedings, with the usual stay. It was not served until after Neugold, in November, 1933, settled the two actions, obtained $20,000 and paid it to other creditors. On learning these facts the Ace Co., through its attorney, defendant Bernstein, moved for an order to punish Neugold for contempt, invoking the injunction provision in the order of November 25, 1930. This motion came on in the Supreme Court, New York county, with Neugold opposing it, and Neugold was fined $5,432.88, with permission to purge himself by paying $452.74 each month for twelve months, beginning March 1, 1934. (150 Misc. 320.) This order so adjudging was entered January 23, 1934. Neugold appealed from it, and the Appellate Division, First Department, unanimously affirmed it. (241 App. Div. 674.)

Neugold did not make the payments required by the order of January 23, 1934, and the Ace Co. on March 7, 1934, through its attorney, Bernstein, applied *ex parte* for the commitment of Neugold. Neugold was taken into custody on April 2, 1934, on the commitment thus obtained, and kept in jail eight days. His wife paid the two monthly installments due and Neugold was released.

Neugold then learned, through his attorney, of the decision of *People ex rel. Rogall* v. *Jacoby* (264 N. Y. 485), decided March 20, 1934. That case held that an order in supplementary proceedings containing the usual stay was inoperative where the stay in such order was invoked some two years after the examination had been closed. Availing himself of that decision, a reversal of the order adjudging Neugold in contempt (265 N. Y. 298) was obtained. This reversal was after Neugold had been committed pursuant to the order of January 23, 1934, as affirmed by the Appellate Division. The Court of Appeals in Neugold's case held that he could not be punished under the restraining provisions of the order of November 25, 1930, invoked for his commitment, for acts occurring and payments made to other creditors three years thereafter.

Thereupon Neugold began this action for false imprisonment against the Ace Co. and its attorney, Bernstein. Plaintiff's theory is that his commitment was pursuant to a void order, that the order for commitment was obtained " illegally and without right or warrant, and *without the court having any jurisdiction to grant the same.*" The defendants interposed an answer which *inter alia* set out two defenses.

Plaintiff, Neugold, moved to strike out these two defenses as insufficient in law. The motion was granted, with permission to plead the facts thereof as partial defenses. The defendants acquiesced in the ruling so far as it concerned the first defense in respect of an offset of $3,188.40. They appeal from so much of the order as holds the second defense as being available merely as a partial defense.

The second defense set out the facts already stated and emphasized that the proceedings eventuating in the order under which Neugold was committed were regular in form; that the court had jurisdiction of the subject-matter and of the person of Neugold, and, therefore, the order and commitment were not void so far as these defendants were concerned, even though the plaintiff was discommoded thereby.

The court had inherent and statutory jurisdiction of the subject-matter as to whether or not a contempt had been committed. (*Hayes* v. *Hayes*, 150 App. Div. 842, 843; affd., 208 N. Y. 600.) Neugold appeared in a proceeding; hence the court had jurisdiction of the person. The court both at Special Term and in the Appel-

late Division was called upon to adjudicate "upon doubtful questions of law or determine as to inferences to be drawn from circumstances, reasonably susceptible of different interpretations or meanings, and calling for the exercise of the judicial function in their determination." (*Fischer* v. *Langbein*, 103 N. Y. 84, 94.) That the facts were subject to different interpretations and presented a doubtful question of law may not be doubted, since the Special Term and the Appellate Division ruled thereon one way and the Court of Appeals ruled on the contrary. Under such circumstances, the lower court's decision thereon "does not render an order or process based upon it, although afterward vacated or set aside as erroneous, void, or subject the party procuring it to an action for damages thereby inflicted." (*Fischer* v. *Langbein*, *supra.*)

The Court of Appeals in the *Newgold Case* (265 N. Y. 298) did not say that the commitment or the order pursuant to which it issued was void.

The court with jurisdiction of the person had presented to it a question for determination respecting subject-matter within its jurisdiction upon which it made an erroneous decision, but which error in no sense affected the jurisdiction of the court over the subject-matter of the action. (*Fischer* v. *Langbein*, 103 N. Y. 84, 91; *Sarlay* v. *Zabadal*, 264 id. 627; *Sweeney* v. *O'Dwyer*, 197 id. 499.)

The order was erroneous but the commitment pursuant thereto was not void.

Accordingly, the second complete defense is sufficient in law.

The order in so far as it grants plaintiff's motion to strike out the second complete defense should be reversed on the law, with ten dollars costs and disbursements, and the motion to that extent denied, without costs.

LAZANSKY, P. J., YOUNG, DAVIS and JOHNSTON, JJ., concur.

Order in so far as it grants plaintiff's motion to strike out the second complete defense reversed on the law, with ten dollars costs and disbursements, and motion to that extent denied, without costs.