THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH WOLOSKY, Appellant.

Argued January 9, 1947; decided February 28, 1947.

*Joseph Aronstein* for appellant. I. Evidence adduced·at the trial was insufficient to establish defendant's guilt beyond a reasonable doubt of knowingly, willfully and unlawfully possessing policy numbers written on the marble slab. (*People* v. *Leon,* 262 N. Y. 664; *People* v. *Razezicz,* 206 N. Y. 249; *People* v. *Fitzgerald,* 156 N. Y. 253; *People* v. *Woltering,* 275 N. Y. 51; *People* v. *Richardson,* 287 N. Y. 563; *People* v. *Silverman,* 264 App. Div. 758.) II. The trial court erred in the admission of the marble slab in evidence.

*Frank S. Hogan, District Attorney, New York County* (*Edward T. Perry* and *Richard G. Denzer* of counsel), for respondent. The guilt of defendant was established beyond a reasonable doubt.

DESMOND, J. The information in this criminal·cause charges that defendant, in violation of section 974 of the Penal Law, " did knowingly, wilfully and unlawfully have in his possession written on a marble slab at hallway of premises 161 Rivington Street in the County of New York, City and State of New York, 300 numbers, said slips or papers representing and being bets or records of chances, shares and interests in numbers sold, drawn and selected, and to be drawn and selected, and in what is commonly called policy, or being papers, writings or articles of a kind commonly used in carrying on or playing the game commonly called policy."

The evidence at the trial was given by a police officer who saw defendant standing, for about ten minutes, in the hallway of the apartment building at 161 Rivington Street. During that period several persons approached defendant and each such person talked with defendant and handed something to him. On each such occasion defendant took out a pencil and made motions as if writing on the wall. The police officer then arrested and searched defendant. On his person was found some $60 in bills and coin, but no policy slips. On a marble slab affixed to the wall, at about the point where the officer had seen defendant applying his pencil, there were found written in pencil many names and numbers. The officer removed the slab from the wall, brought it into court and testified, as an expert, that the inscriptions referred to policy wagers or plays. The building was occupied but the officer was unable to state

whether defendant was the owner of, or a tenant in, the building, or had any control or management of it. Defendant's counsel moved to dismiss the information on the ground that there was no proof of possession by defendant of the slab on which the names and numbers appeared. Defendant was, however, found guilty as charged.

Section 974 of the Penal Law contains a single, long, involved sentence, the meaning of which was simply stated in *People* v. *Hines* (284 N. Y. 93, 104, 105) as follows: " Section 974 prohibits one from keeping an establishment for policy playing, from delivering or receiving money by playing policy, or possessing policy slips, or other articles used in carrying on policy, or owning or being the agent or janitor of any establishment where lottery policies are sold." Thus, four kinds of activities having to do with policy are forbidden: maintaining a place wherein to play it, having ownership or control of such a place, handling the money involved, or possessing papers, writings or articles commonly used in carrying on this form of gambling. The charge here was of possessing the slab on which were the legends. The proof was that defendant put the marks on the slab. The question of law is whether " possession " was proven.

In 1901 (see chapter 190 of the laws of that year) the then Penal Code was amended, in an effort to prevent policy playing, by the addition of three new sections, two of which, practically unchanged since then, have since become sections 974 and 975 of the Penal Law. The scheme of law enforcement therein provided is a drastic one. Section 974 makes it a misdemeanor to possess policy slips or similar articles and section 975 makes the mere possession thereof presumptive evidence that such possession is knowing and in violation of section 974. Throughout the two sections the word " possession " is used many times. Since mere " possession ", without more, is made a criminal offense, it is of course essential that defendant's " possession " be conclusively shown (see *People* v. *Leon*, 262 N. Y. 664; *People* v. *Rosen*, 294 N. Y. 761, 762). The import of the pertinent part of section 974 is plain enough. It penalizes the mere having on one's person, or under one's control, of certain kinds of personal property commonly employed in this particular kind of gambling (see *People* v. *Adams*, 176 N. Y. 351,

360). The Supreme Court has warned us that " there is no word more ambiguous in its meaning than Possession " and that the word " is interchangeably used to describe actual possession and constructive possession which often so shade into one another that it is difficult to say where one ends and the other begins " (*National Safe Deposit Co.* v. *Illinois,* 232 U. S. 58, 67). But this defendant, so far as the record shows, had no title or right to the place where he carried on his trade, no ownership, custody or control. However ambiguous the word " possession " may be, it still, at least in a criminal statute, means something more than making marks on another man's wall. If we are to deal with realities and not appearances, with substance rather than form (see *People ex rel. Briggs* v. *Hanley,* 226 N. Y. 453, 458) we must say that defendant was a mere trespasser in the hallway, in " possession " of nothing. We consider that section 974, when it speaks of " possession ", means possession in fact, physical possession, actual custody or control of articles of personal property capable of being physically held.

The judgments should be reversed, the fine remitted and the information dismissed.

LOUGHRAN, Ch. J., LEWIS, THACHER, DYE and FULD, JJ., concur; CONWAY, J., taking no part.

Judgments reversed, etc.