TODD SHIPYARDS CORPORATION, Appellant, *v.* TODD DRYDOCK AND REPAIR CORPORATION, Respondent.

SHIENTAG, J. (dissenting). It is undoubtedly the general practice to be liberal in the retention of special defenses sufficient in law on their face even when they are provable under the general denial (*Fisk* v. *Hobern*, 204 App. Div. 588; *Home Ins. Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67). Here, however, the first affirmative defense is insufficient in law as a complete defense. Assuming all of the fact pleaded in that defense, it may still be found that defendant has assumed a name so nearly resembling the name of appellant as to be calculated to deceive and mislead or that the name as a whole was chosen in bad faith and with intent to practice deception; or that the personal surname as used has added " words, prefixes or suffixes which will represent or tend to represent " that the defendant is identical with or the successor of the plaintiff (cf. *Hotel Claridge Co.* v. *Rector, Inc.*, 164 App. Div. 185, 190).

All of the relevant facts alleged in the separate defense although not constituting a complete bar to the cause of action set up in the complaint may be shown under the general denial and given appropriate weight in determining what relief if any plaintiff is entitled to receive.

The order below should be reversed and the first affirmative defense struck.

Glennon, J. P., Dore and Cohn, JJ., concur in decision; Shientag, J., dissents in opinion.

Order, so far as appealed from, affirmed, with $20 costs and disbursements. No opinion. [See *post*, p. 996.]