CEASAR LEPRE, Plaintiff, *v.* ROSE KESSLER et al., Defendants.

Supreme Court, Special Term, Kings County, June 29, 1954.

*Norman Handel* and *George Kerner* for defendants.

*Bernard Burlakoff* for plaintiff.

MARTUSCELLO, J.   This is a motion by the defendants for summary judgment pursuant to rule 113 of the Rules of Civil Practice.   The complaint alleges causes of action for false arrest, malicious prosecution and abuse of process.

In behalf of his cause of action for false arrest the plaintiff claims that the defendants caused him. to be falsely arrested under a void order of arrest issued by a Justice of the City Court. It is claimed that the order was void in that it was based on

papers which were insufficient in law to sustain the order of arrest. An examination of the papers upon which the order was based does not reveal the merit of the contention of the plaintiff. The order was issued under section 826 of the Civil Practice Act in an action for conversion of personal property. The affidavits and complaint submitted as a basis for the order on the face thereof spelled out a cause of action for conversion. Under these circumstances, the court acquired jurisdiction to issue the order. Since the arrest was by virtue of process legally sufficient in form and duly issued by a court having jurisdiction to issue it, it is a complete defense to an action for false imprisonment. (*Neugold* v. *Ace Mail Adv.*, 244 App. Div. 675.)

In behalf of his cause of action for malicious prosecution the plaintiff charges that a verdict was rendered in his favor in the action for conversion. Documentary evidence submitted in behalf of the defendant shows that upon appeal the verdict was set aside and a new trial was ordered. It is necessary in an action for malicious prosecution that the prosecution instituted be terminated favorably to the plaintiff (*McNair* v. *Maijgren*, 181 App. Div. 272). Since a new trial has been ordered by the appellate court there has been no termination in the plaintiff's favor and this is tantamount to no disposition at all.

In behalf of his cause of action for abuse of process the plaintiff contends that the defendants advised plaintiff that if he would pay $5,000 to one of the defendants the defendants would cause him to be released from arrest and it is further contended that the order of arrest was procured willfully and maliciously and solely for the purpose of extorting money.

The Appellate Division in *Assets Collecting Co.* v. *Myers* (167 App. Div. 133, 138), defines abuse of process as " consisting in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is a malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured." The court goes on to say: " The distinctive nature of an action for malicious abuse of process, as compared with an action for malicious prosecution, is that it lies for the improper use of process after it had been issued, not for maliciously causing process to issue." No evidence is submitted to show that the order of arrest was used for any purpose other than its intended purpose to cause the arrest of the plaintiff.

Accordingly, the motion for summary judgment dismissing the complaint is granted. Settle order on notice.