Matthew M. Levy, J.
The defendant Shannon is a police-officer on the force of the defendant City of New York. Shannon arrested the plaintiff and charged him in effect with being a “ common gambler ”, guilty of a misdemeanor, in violation of section 974 of the Penal Law. The plaintiff was acquitted, and now sues in this action for alleged false arrest and imprisonment.
In paragraph 4 of his amended complaint, the plaintiff alleges that ‘ ‘ the arrest and imprisonment of the plaintiff were all accomplished by the defendants * * * without first having procured a warrant pursuant to law, and although no misdemeanor had been attempted or committed in their presence, and none was committed nor attempted by him.” These allegations were denied in the amended answer, and the defendants further plead, as an affirmative defense in justification, that the police officer found in a storeroom at the Hotel New Yorker under the desk blotter of the desk used by the plaintiff one payoff slip, in a wastepaper basket next to the desk one slip of paper bearing two plays of mutuel race horse policy with the amounts wagered, and in the plaintiff’s jacket pocket was found another such slip. It is further alleged that the acts of the police officer were performed with reasonable and probable cause in the discharge of his duties as a peace officer.
The plaintiff moves to strike the defense for legal insufficiency (Rules Civ. Prac., rule 109, subd. 6), contending that reasonable and probable cause is not a defense and that there is no allegation that the crime was committed in the presence of the arresting officer. No point is made that the denial in the answer of the allegation in the complaint suffices without the expression of this denial by way of an affirmative defense (cf. the decisions in Todd Shipyards Corp. v. Todd Drydock S Repair Corp., 273 App. Div. 952, and Dworski v. Genesee Country Abstract Co., 277 App. Div. 1094; see Prashker, New York Practice [4th ed.], § 174, p. 263, n. 20). And no motion has been made to strike any portion of the defense as inappropriate (Buies Civ. Prac., rule 103). Accordingly, I shall seek to resolve the issue only on the narrow basis on which the motion is presented —-the sufficiency of the defense as a matter of law.
Even though the motion was thus submitted, the parties indulged themselves in the presentation (in their briefs) of an alleged applicable prior determination. It appears that the plaintiff had moved for summary judgment (Buies Civ. Prac., rule 113), which motion was denied. The defendants argue that the court (Lobeto, J.) found in their favor upon the opinion that the pleadings indicated that there was a question of fact as to whether a misdemeanor was actually committed in the *371 presence of the officer. On the other hand, the plaintiff argues that the denial of his motion for summary judgment was upon the ground that there was a triable issue with respect to the plaintiff’s possession of the policy slips and payoff sheets and as to whether such possession existed within the presence and observation of the arresting officer. Neither party submitted to me either the order or opinion of my learned colleague or the papers upon which his decision was rendered. Since that determination would be binding upon me as the law of the case (Fried v. Lakeland Hide & Leather Co., 14 Misc 2d 305, 308), I requisitioned the file.
In opposing a motion for summary judgment, a defendant is not limited to the four corners of his pleading (Curry v. Mackenzie, 239 N. Y. 267, 272; cf. Strauss v. Kende Galleries, 203 Misc. 941, 943-945). I have therefore examined the affidavits — pro and con — on that motion, and I find that they do not add to or detract from the legal substance of the denial or the defense as pleaded. If (as appears to be the case) the issues of fact referred to by the plaintiff were projected in the record and in the opinion of the court denying summary judgment in the plaintiff’s favor, they are also projected by the defendants’ denial and by the allegations of the defense now attacked, and it was thereunder that the defendants adduced the proofs upon which they relied on the former motion and the plaintiff produced the proofs upon which he relied — all resulting, as the defendants now argue, in the finding of triable issues as to the plaintiff’s possession and whether such possession existed within the presence and observation of the arresting officer. In the circumstances, the references in the briefs to the prior motion and decision were not only an inappropriate method of presenting the issues, but, upon the record being examined were found not helpful in any way to a proper disposition of the present motion.
The application before me, then, must be determined upon an analysis of the penal section involved and of the applicability of the general principles of law urged upon me. At this point, let me say that I agree with the plaintiff that reasonable and probable cause in itself does not constitute a complete defense to a cause of action for police false arrest and imprisonment (Code Crim. Pro., § 177; Stearns v. Titus, 193 N. Y. 272, 275; Marks v. Baltimore & Ohio R. R. Co., 284 App. Div. 251, 253; Roher v. State of New York, 279 App. Div. 1116, 1117). And I agree, too, with his contention that “ [a]bsent a warrant, a police officer may only arrest a defendant charged with a misdemeanor if the crime is committed in his presence ” (People v. Tedesche, *372 3 A D 2d 220, 221; Code Crim. Pro., § 177, subd. 1; cf., as to a felony, Stearns v. New York City Tr. Auth., 24 Misc 2d 216). The question remains as to whether, in view of the nature of the crime charged, there is, clearly, no allegation of that fact.
Section 974 of the Penal Law states that one is guilty of being a ‘ ‘ common gambler ” if he is ‘ ‘ a person who * * * occupies or uses, or permits to be * * * occupied or used, a place, * # * room, table * * * for policy playing * * * ” or “ a person * * * who shall have in his possession, knowingly, any writing, paper or document, representing or being a record of any chance, * * * or in what is commonly called" ‘ policy, ’ * * * or any paper, * * * writing, * * * policy slip, * * *• commonly used in carrying on, promoting or playing the game commonly called ‘ policy ’ ’ ’. That is to say, that section 974 forbids several distinct kinds of activities having to do with policy, among them being that of (1) maintaining a place wherein to play it; (2) having control of such a place; or (3) possessing papers or writings used in carrying on this type of gambling (People v. Wolosky, 296 N. Y. 236, 238). Thus, possession of the policy slips or control of the place where they are found is sufficient to constitute the offense, and, under section 975, there is a presumption that such possession is knowing and in violation of section 974 of the Penal Law (People v. Adams, 176 N. Y. 351, 360-361, affd. 192 U. S. 585; People v. Eskjian, 281 App. Div. 751).
I recognize that, when section 974 speaks of “ possession ”, it means “ possession in fact, physical possession, actual custody or control of articles of personal property capable of being physically held” (People v. Wolosky, supra, 239; see, also, People v. Rosen, 294 N. Y. 761). But, in my view, it is not required that possession be on the accused’s person. And, indeed, as I picture it, control may include a potential, as well as an actual, personal assertion of active dominion (see People v. Van Bramer, 235 App. Div. 287, affd. 261 N. Y. 505; People v. Birnbaum, 208 App. Div. 476). In the circumstances, when one is accused of being in control of some place or in possession of some thing, and is arrested on the basis of that accusation, it suffices that the control or possession be that of the accused to justify his arrest for the alleged commission of the misdemeanor, notwithstanding that the accused, at the time, be not personally present at the place controlled or have on his physical person the contraband object, with possession of which he is charged.
In other words, as I view it, a distinction must be made between the alleged commission of a single, isolated act — which *373 may be a misdemeanor, and which, act must be done in the-physical presence of the police officer to justify an arrest without a warrant — and a continuing act (which control or possession may be), and which in such case need not require the personal presence of the accused during the entire period thereof. In such case, I hold that the crime of control or possession is deemed none-the-less committed in the police officer’s presence so as to warrant the accused’s arrest away from the allegedly controlled premises or when he is not wearing the clothes in which are found the articles he allegedly possesses.
It bears repeating here — although it has been often stated — that, when a pleading is attacked for insufficiency on its face, it must be accorded every fair intendment so as to sustain it (Russell v. Marboro Books, 18 Misc 2d 166, 183, 186). In paragraph 'Sixth of the amended answer before me, it is alleged that the “ police officer proceeded to the Hotel New Yorker where in a certain storeroom the said police officer found 1 slip of paper commonly known as a payoff slip under the desk blotter of desk used by the plaintiff and in a waste paper basket next to said desk found 1 slip of paper bearing two plays of mutual [sic] race horse policy with the amounts wagered. In the pocket of plaintiff’s jacket the said police officer found 1 slip of paper bearing two plays of mutual [sic] race horse policy with amounts wagered.” It would, no doubt, have been more literal and artistic pleading if the answer had contained, in so many words, allegations as to the ultimate fact of control or possession in the manner contemplated by sections 974 and 975. However, I am of the view that the “fair intendment” of the defense as pleaded is broad enough to meet the requirements of the statute, at least on a motion such as this — one to strike upon the ground of legal insufficiency.
In the light of the concepts that I have hereinbefore presented as to possession and control being capable of being a continuing offense, and of being capable of commission in the physical absence of the accused, it is my opinion that sufficient is set forth in the defense as pleaded from which a reasonable inference could be drawn that the alleged crime was committed in the presence of the police officer, as that term is used in an action for false arrest and imprisonment arising out of that alleged commission. To put it another way, I am of the opinion that an arrest' for the misdemeanor of control or possession may be justified without a warrant, notwithstanding that the accused is not personally present at the place involved or does not have on his person the object in question — since it is not necessary for him to be personally there or personally to have *374 the forbidden object to be guilty of the misdemeanor charged. By so much is the rule, requiring that the alleged crime be committed in the presence of the arresting officer, relaxed. In short, if the accused need not be personally present to be guilty, his guilt need not be personally observed to justify his arrest.
Accordingly, the motion to strike the defense is denied, and an order has been signed and entered to that effect.