Archibald C. Wemple, J.
It appears from the testimony that the defendant was followed to a local tavern by members of the Schenectady Police Department. While inside the tavern the defendant had conversations with several of the patrons, accepted money from them and wrote something on a piece of paper. When the defendant left the tavern he was arrested by waiting police officers and turned over to them a slip of paper containing various numbers that were separated by two pencil drawn lines.
The arresting officers testified that the defendant readily turned the paper over to them and stated that he was just trying to pick up a few extra dollars. The prosecution introduced two witnesses as experts, who testified that the piece of paper was a policy slip. The defendant, in his testimony, denied that he had written any numbers, taken any money or admitted this to the police.
The defendant, in his brief, urges a reversal on the grounds that the officer who testified for the prosecution as to what the slips of paper were was not properly qualified as an expert on these matters. Also that the People failed to prove possession of the slips beyond a reasonable doubt. He further urges that the information be dismissed.
The crucial question in this appeal seems to be the possession and identification of the slip of paper in question. This court feels that the testimony of the officer in the tavern, who observed the defendant taking money and writing on a slip of paper and who aíslo gave the defendant money on a policy number, is strong evidence that defendant was in fact writing policy numbers. This, together with the slip of paper and the defendant’s admissions, established a sufficient case which the defendant did. not overcome. This court further feels that the prosecution laid a proper foundation for the officer to testify as an expert and that his testimony was admissible.
The possession was conclusively shown and the identification sufficient to warrant a finding of guilt. (See People v. Lalli, 5 N Y 2d 536; People v. Hines, 284 N. Y. 93; People v. Wolosky, 296 N. Y. 236.)
An examination of the information shows it to be sufficient under section 974 of the Penal Law and that the defendant’s motions to dismiss were properly denied. Judgment of •conviction affirmed. Enter order accordingly.