Matthew M. Levy, J.
Motions No. 149 and No. 150 of March 19, 1962, are consolidated and will be disposed of together.
By No. 149, the plaintiff moves for summary judgment. A prior action (for fraud in the inducement of a contract) had been brought in this court against this plaintiff by defendant Universal Coconut Corporation, defendant Taub being its president, and defendant National Surety Corporation having furnished the bond in connection with an order of arrest obtained in that action. It is upon this order of arrest, executed in accordance with its terms, that the present action is based. The prior action had been marked ‘ ‘ off calendar ’ which was followed by a rule 302 * dismissal for abandonment of the cause, an application by the plaintiff therein to vacate the dismissal and to restore the cause for trial, the denial of that motion, an appeal from the order of denial, an application by the then defendant (now the plaintiff) for vacatur of the order of arrest, denial of that motion pending the appeal (with leave to renew), affirmance of the order of dismissal, a renewal of the application by this plaintiff (then defendant) for a vacatur *209 of the order of arrest upon the ground that the action had been dismissed, and by the entry of an order granting that motion. All these matters of litigation are, of course, admitted, but the defendants Universal and Taub say that there was reasonable and probable cause in the procurement of the order of arrest, and therefore that the plaintiff is not entitled to summary judgment here.
It is immaterial on this motion (cf. Bules Civ. Prac., rule 90) how the action be labeled or classified, if the complaint is sufficiently broad and pointed to maintain an action to right a wrong (Keller v. Butter, 246 N. Y. 249, 254; cf. Strauss v. Kende Galleries, 203 Misc. 941, 943-945). It may be that the plaintiff is suing here for (1) abuse of process, (2) false arrest, (3) malicious prosecution, or (4) an amalgam of two or three of these causes of action. In order to resolve the issue as to whether the plaintiff is entitled to summary judgment, it will be necessary to canvass the required elements making up each of the basic causes, and to determine whether the plaintiff has so proved at least one of his claims as to warrant denying the defendants the right to defend (except, of course, as to the measurement of the damages alleged to have been suffered by the plaintiff). If the plaintiff has failed to prove any one needed ingredient in any specific theory of his action, the result must follow that the plaintiff is not entitled to summary judgment in his favor on that theory of his claim.
“ The gist of the action for abuse of process lies in the improper use of process after it is issued ” (Dean v. Kochendorfer, 237 N. Y. 384, 390). The distinctive nature of such an action is that it is a ‘ ‘ malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured. ’ ’ It consists ‘ ‘ in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ”. (Assets Collecting Co. v. Myers, 167 App. Div. 133, 138.) “ The action [for abuse of process] is not for the wrongful bringing of an action or prosecution, but for the improper use # * # of process in connection therewith * * *. The process of law must be used improperly * * *. If he [the party later sued for abuse of process] is content to use the particular machinery of the law [such as an order of arrest in a proper case] for the immediate purpose for which it was intended, he is not ordinarily liable, notwithstanding a vicious * * * motive. But the moment he attempts to attain some collateral objective, outside the scope of the operation of the process employed, a tort has been consummated” (Harper, Law of *210 Torts [1933 ed.], § 272, pp. 593-595; quoted with approval in Hauser v. Bartow, 273 N. Y. 370, 373-374).
In the case at bar, as occurred in Lepre v. Kessler (206 Misc. 60, 61), “ [n]o evidence is submitted to show that the order of arrest was used for any purpose other than its intended purpose [ — ] to cause the arrest of the plaintiff ’ ’. In consequence, we need not tarry longer on this possible theory of the plaintiff’s suit.
Insofar as the plaintiff may contend that this is an action for false arrest or false imprisonment, he is, at the very outset, confronted with the principle of law that, if the order of arrest procured in a civil proceeding is within the jurisdiction of the court, execution thereof does not constitute false arrest or imprisonment (Neugold v. Ace Mail Adv., 244 App. Div. 675). That there was jurisdiction in the court to issue the order of arrest in the prior action is not disputed (Civ. Prac. Act, § 826, covering an action for fraud). And the papers upon which it was grounded are not claimed to have been inadequate to warrant the issuance of the order. We need, then, not be further deterred in a prompt recognition of the plaintiff’s failure to prove a needed element to bring his claim within this category.
As for malicious prosecution, it has been aptly described as litigious action ‘ ‘ that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure ” (Burt v. Smith, 181 N. Y. 1, 5; see, also, Hubbard v. Banker, 24 N. Y. S. 2d 289, 293, affd. 260 App. Div. 901). Unlike the situation in an action for false imprisonment (where the burden of proof to establish probable cause for the arrest is upon the defendants), the burden of proving want of probable cause in an action for malicious prosecution is upon the plaintiff (Schultz v. Greenwood Cemetery, 190 N. Y. 276, 278). And, “ [i]f probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved, [cf. Millea v. City of New York, 25 Misc 2d 369, 371.] Thus an innocent person may be prosecuted unjustly and subjected to expense and disgrace with no right to call the prosecutor to account, provided he [the prosecutor] acted upon an honest and reasonable belief in commencing the proceeding complained of. Peace and good order exact this hardship from the individual for the benefit of the people at large, so that citizens may not be prevented by the fear of consequences from attempting to assert their own rights or to vindicate the cause of public justice by an appeal to the courts.” (Burt v. Smith, 181 N. Y. 1, 6, supra; see, also, Stearns v. New York City Tr. Auth., 24 Misc 2d 216, 220-221.)
*211 In his complaint and in his moving papers, the plaintiff— after reciting the procedural facts in the prior litigation (as I have hereinbefore in substance related them) — alleges that the order of arrest was obtained wrongfully and maliciously, without probable cause, and on the basis of false and defamatory allegations in the affidavits presented therefor by the then plaintiff. This is the critical paragraph of the present complaint.
In a criminal cause, “ [t]he mere discharge of the plaintiff did not indicate that there was no justification for making the arrest, nor did it show that probable cause did not exist” (Freedman v. New York Soc. for Suppression of Vice, 248 App. Div. 517, 520, affd. 274 N. Y. 559). I see no reason why there should be a different or more onerous rule where the arrest was procured in a civil suit (see Burt v. Smith, 181 N. Y. 1, 5, supra).
I am not unaware of the fact of litigation life — that, when the defendant’s complaint was finally dismissed in the prior action, the order of arrest obtained by it in that action also fell. But that fact v/ould not of itself make the order void ab initio; nor would it ipso facto show that there was lack of probable cause in the institution or prosecution of the prior suit or in the procurement or execution of the arrest order obtained therein. The dismissal of the complaint because of a plaintiff’s neglect to proceed is not a determination on the merits (Mintzer v. Loeb, Rhoades & Co., 10 A D 2d 27; cf. Tubman v. Olympia Oil Corp., 22 Misc 2d 169). Thus it is that the allegations of the crucial paragraph of the complaint are not proven on these papers and, accordingly, the plaintiff’s motion for summary judgment must be and is denied.
The defendant National, in its answer, has asserted cross claims against the codefendants and, by motion No. 150, it seeks summary judgment over. That motion is, of course, denied, since the plaintiff’s motion has not been granted.

 Rules of Civil Practice.