■ The People of the State of New York, Respondent, v Matija Curinaj, Appellant.—Motion for reargument granted and upon reargument the order of this court entered on November 14, 1978 [65 AD2d 705] is recalled, vacated and resettled to reflect that the reversal of the judgment appealed from was solely on the law, and the memorandum decision filed therewith is recalled, vacated and resettled as follows: Judgment, Supreme Court, New York County, rendered on May 4, 1977, convicting defendant, after jury trial, of criminal possession of a weapon in the second degree, reversed, on the law, and a new trial directed. Under the circumstances the court should have charged the jury, as requested, that temporary possession of a weapon, properly explained, does not constitute a crime. *(People v Messado,* 49 AD2d 560.) Acquittal on the attempted murder and assault counts and conviction on the weapon possession count did not, however, constitute a repugnant verdict, and thus a new trial is directed. (See *People v Cwikla,* 60 AD2d 40, 45.) Concur—Lupiano, Lane and Sullivan, JJ.

Murphy, P. J., and Evans, J., concur in part and dissent in part in a memorandum by Murphy, P. J., as follows: I would agree that, at the very least, a new trial must be ordered for errors in the court's charge and its poll of the tenth juror. However, I would go further and dismiss the fifth count of the indictment because the conviction on that count was repugnant to the acquittal on the other four counts. Conflicting evidence was presented at trial as to whether the complainant, Berc Atanasyan, or the defendant, Matija Curinaj, was the aggressor in an altercation that occurred in a nightclub at about 3:00 a.m. on January 10, 1976. The defendant testified that he was attacked by the complainant and three of his friends. While being beaten on the floor, the defendant alleged that he called the nightclub's manager, an acquaintance, for assistance. He asked the manager whether he had a gun and the manager replied in the affirmative that it

was under his vest. The defendant then removed the gun from the manager's person. In the ensuing struggle for possession of the gun, the complainant was shot twice. The defendant was eventually indicted on two counts of attempted murder in the second degree, two counts of assault in the first degree and one count of criminal possession of a weapon in the second degree. His primary defense was based upon justification (Penal Law, § 35.15). He contended that he had been forced to procure and use the gun in self-defense in face of the violent attack by the defendant and his friends. The jury found the defendant not guilty on the attempted murder and assault charges but guilty on the possession charge. (Penal Law, § 265.03.) The law is clear that each count in an indictment is to be regarded as if it were a separate indictment and consistency in a verdict is unnecessary. However, when an indictment charges two crimes, each of which has identical elements, a finding of guilty on one but not on the other is truly repugnant, as opposed to being merely inconsistent *(People v Bullis,* 30 AD2d 470, 471, 472; see, generally, Inconsistency of Criminal Verdict as between Different Counts of Indictment or Information, 18 ALR3d 259). The counts in the present indictment did not contain identical elements but they were challenged by the identical defense of justification. As a corollary to the basic principles quoted above in the *Bullis* case, I would extend the doctrine of "repugnancy" to the present type of situation where an identical defense is proven and conclusive as to dissimilar counts in an indictment. By acquitting the defendant on the attempted murder and assault counts, the jury must have necessarily believed that he acted in self-defense in firing the gun at the complainant and the other assailants. There is no other logical explanation presented for such acquittal. Consequently, the jury could not have rationally found that the defendant was guilty of criminal possession of a weapon in the second degree (Penal Law, § 265.03). That statute provides as follows: "A person is guilty of criminal possession of a weapon in the second degree when he possesses a machine-gun or loaded firearm with intent to use the same *unlawfully* against another" (emphasis supplied). Since the jury found that the defendant was *lawfully* acting in self-defense, they could not have consistently concluded that he possessed the gun with intent to use it *unlawfully.* A different case would be presented if the defendant had possessed the gun prior to the assault. Under such a circumstance, an acquittal on the attempted murder and assault counts based upon the defense of justification would not dictate a dismissal for a conviction for criminal possession of a weapon in the third degree under subdivision (4) of section 265.02 of the Penal Law. The prior possession of the weapon by the defendant would sustain a conviction for simple possession, a crime that does not contain the element of *unlawful intent to use* as is found in section 265.03 of the Penal Law. (Cf. *Cooke v United States,* 275 F2d 887.) In view of the fact that the conviction on the fifth count cannot be reconciled in either law or logic with the acquittal on the other four counts, I would reverse the judgment of the Supreme Court, New York County, rendered May 4, 1977, and I would dismiss the fifth count in the indictment. Resettled order signed and filed.