### (July 24, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL RIVERA, Also Known as SHORTY, Appellant.—Judgment, Supreme Court, New York County, rendered on June 21, 1979, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, P. J., Kupferman, Birns, Markewich and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RIVERA, Appellant.—Judgment of conviction, after nonjury trial, Supreme Court, New York County, rendered June 21, 1979, affirmed. During a street altercation between members of two families, the Riveras and the Guadalupes, defendant Felix Rivera called to his brother Raul: "Get the gun!" Raul ran to his own home and returned with a loaded weapon. William Guadalupe advanced on Raul and Felix yelled to his brother to kill William. Raul fired and William fell dead. Felix then indicated German Guadalupe

---

and told Raul to shoot him. The latter complied, wounding his victim. Defendant was convicted only of possession of the weapon with intent to use it unlawfully against another (Penal Law, § 265.03). On this appeal, defendant raises claimed repugnance of the verdict, as well as absence of actual possession. There was no repugnance evidenced in the court's verdict which, acquitting defendant of homicide and assault counts, convicted of possession of the gun with intent to commit the assault of which acquitted. The court, while engaging in some discussion with counsel at the close of the case, did not articulate the reasons for the verdict. We cannot speculate why the court did not convict defendant-appellant of either the homicide or the assault count, whether it was because the evidence was not believed, or whether this was exercise of a prerogative to convict of a lesser crime because the victim "deserved what he got"—a rough but not unknown form of justice. There was no repugnance in this verdict—inconsistency perhaps, but that is always within the scope of authority of a trier of the fact. The holding in *People v Curinaj* (65 AD2d 705) cannot be read to the contrary. "Acquittal on the attempted murder and assault counts and conviction on the weapon possession count did not, however, constitute a repugnant verdict, and thus a new trial is directed."* *(People v Curinaj, supra).* As to whether this defendant had possession of the weapon, as defined in subdivision 8 of section 10.00 of the Penal Law, while it is true that brother Felix never had the gun in his hand, he had complete "dominion" and "control" over it, commanding brother Raul to get it and bring it and to pull the trigger. Raul's act was that of Felix as though Felix had used his muscles instead of his voice and his will. Possession was in both and the requisite intent resided in the mind of each. (See *People v Keitt,* 42 NY2d 926.) Nor is *People v Wolosky* (296 NY 236) to be read as requiring "actual" possession in this case. In *Wolosky* the court dealt with a statute which made mere possession, without any intent being involved, the crime. Concur—Murphy, P. J., Birns and Markewich, JJ.; Kupferman and Yesawich, JJ., concur in the result only.

---

* Not on the ground of repugnance but because of failure to charge as requested in respect of properly explained temporary possession.